# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

Case No. 25-12873

FRIENDS OF THE EVERGLADES, INC., et al.,
*Plaintiffs-Appellees*,

v.

EXECUTIVE DIRECTOR,
FLORIDA DIVISION OF EMERGENCY MANAGEMENT,
*Defendant-Appellant*.

On Appeal from the United States District Court
for the Southern District of Florida
Case No. 1:25-cv-22896-KMW
(Hon. Kathleen M. Williams, Dist. Judge)

## PLAINTIFF-APPELLEES' OPPOSITION TO FLORIDA'S REQUEST FOR ADMINISTRATIVE STAY

Tania Galloni, FBN 619221
Dominique Burkhardt, FBN 100309
Alisa Coe, FBN 10187
**EARTHJUSTICE**
4500 Biscayne Boulevard, Suite 201
Miami, FL 33137
tgalloni@earthjustice.org
dburkhardt@earthjustice.org
acoe@earthjustice.org

Elise Pautler Bennett, FBN 106573
Jason Alexander Totoiu, FBN 871931
**CENTER FOR BIOLOGICAL
   DIVERSITY**

Jeffrey B. Crockett, FBN 347401
Paul J. Schwiep, FBN 823244
Scott A. Hiaasen, FBN 103318
**COFFEY BURLINGTON, P.L.**
201 S. Bayshore Drive, PH-1
Miami, FL 33133
jcrockett@coffeyburlington.com
pschwiep@coffeyburlington.com
shiaasen@coffeyburlington.com
yvb@coffeyburlington.com
service@coffeyburlington.com

Post Office Box 2155
St. Petersburg, FL 33731
ebennett@biologicaldiversity.org
jtotoiu@biologicaldiversity.org

*Counsel for Appellees*

# **CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1, Appellees, FRIENDS OF THE EVERGLADES, INC., a Florida not-for-profit corporation, and CENTER FOR BIOLOGICAL DIVERSITY, a 501(c)(3) nonprofit organization, hereby state the following individuals and entities have an interest in the outcome of this appeal:

1. Ajizian, Christopher
2. Bennett, Elise Pautler
3. Boies Schiller Flexner LLP
4. Bonzon-Keenan, Geraldine
5. Burkhardt, Dominique
6. Carpenter, Hayley A.
7. Center for Biological Diversity
8. Chris Ajizian P.A.
9. Coe, Alisa
10. Coffey Burlington P.L.
11. Costello, David M.
12. Crockett, Jeffrey B.
13. DeSousa, Jeffrey Paul


Case No. 25-12873

14. Earthjustice

15. Ezray, Evan M.

16. Ficarelli, Dante

17. Forrester, Nathan A.

18. Friedman, Todd R.

19. Friends of the Everglades, Inc.

20. Galloni, Tania

21. Golembiewski, Kevin A.

22. Gustafson, Adam R.F.

23. Guthrie, Kevin

24. Hiaasen, Scott

25. Lyons, Todd

26. Martinez, Hon. Jose E.

27. Miami-Dade County

28. Murray, David M.

29. Noem, Kristi

30. O'Byrne, Hayden P.

31. Perez, Monica Rizo

32. Piropato, Marissa

33. Raurell, Carlos J.

34. Quiñones, Jason A. Reding

35. Sanchez, Hon. Eduardo I.

36. Schenck, Robert S.

37. Schwiep, Paul J.

38. Singer, Frank

39. The Miccosukee Tribe of Indians

40. Todd R. Friedman P.A.

41. Torres, Hon. Edwin G.

42. Torstensen, Peter M.

43. Totoiu, Jason Alexander

44. Uthmeier, James

45. Wahl, Christopher J.

46. Williams, Hon. Kathleen M.

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure, there are no parent corporation or publicly held corporation that owns more than 10% of either Appellees' stock.

Plaintiff-Appellees Friends of the Everglades and Center for Biological Diversity ("Friends") oppose Appellant Florida's request for an "administrative stay" pending the consideration of its motion for a stay pending appeal of the district court's preliminary injunction. Because Florida did not request a ruling on its administrative stay request by a date certain, Friends expeditiously submit this opposition to that request in an abundance of caution. Friends intend to respond to Florida's motion for a stay pending appeal in due course.

On June 23, Florida commandeered property from Miami-Dade County in the Big Cypress National Preserve to set up a mass immigration detention center in partnership with the Federal Government. On June 27, Friends filed a complaint and motion for preliminary injunctive relief alleging that the construction and operation of the immigration detention center occurred without complying with National Environmental Policy Act ("NEPA"). (Dkt 1 & 5.) On August 21, after hearing from 10 witnesses over four days, and admitting into evidence over one hundred exhibits, the district court issued a comprehensive 82-page order concluding that Friends was likely to succeed on its claim that state and federal agencies partnered to construct the detention center without complying with

NEPA. Dkt. 131.[1] The district court found that Friends and the Intervenor-Plaintiff Miccosukee Tribe of Indians were irreparably harmed as a result, and that the balance of equities weighed in favor of a preliminary injunction. *Id.* Specifically, the district court found irreparable harm in (1) the addition of 800,000 square feet of new pavement which would "increase runoff into the surrounding, interconnected wetlands, which threatens the 'extremely sensitive . . .[,] low nutrient' hydrology of the Everglades" and threaten nearby communities' water supply, Dkt. 131 at 67–68, 70; (2) the placement on site of 24-hour industrial lighting which results in habitat loss and increased mortality to nocturnal endangered species found at the site, including the critically endangered Florida panther, *id.* at 71–72; and (3) the addition miles of new fencing and increased human activity which interfered with the Tribe's access to trails, hunting, medicinal, and other traditional activities, *id.* at 72–73. The district court preliminarily enjoined Defendants from undertaking further construction and from admitting additional detainees to the detention center, *id.* at 80. The court also ordered that within 60 days "and once the [detainee] population attrition allows for safe implementation of this Order," Defendants remove new fencing, lighting, and certain other new fixtures from the site. *Id.* at 81. The order permits housing and

---

[1] Citations are to the docket below.

detention dormitory facilities to remain. The order does not prevent modification or repairs to preexisting facilities at the site for the purposes of safety or mitigating environmental or other risks to the site. *Id.* at 80.

On Saturday, August 23, Florida and the Federal Defendant-Appellant filed in the district court motions to stay the preliminary injunction pending appeal. Dkt. 137 & 138. They did not file these as "emergencies" but demanded a ruling by 5 P.M. on Monday, August 25, without offering any rationale for that arbitrary deadline. Dkt. 137 ¶ 5. On August 25, and before the Defendants' deadline had expired, Friends moved to strike new declarations submitted with Defendants' motions (Dkt. 141), and filed an opposition to the stay motions. (Dkt. 144). Not having received a decision within its arbitrary deadline, on August 26, Florida moved for a stay in this Court, claiming that the district court had "effectively" denied its motion. Florida requested an "administrative stay" until this Court can resolve the stay motion. Florida again did not style its motion as an "emergency."

No administrative stay is warranted here. First, Florida seeks to disrupt the status quo, not preserve it. The district court's preliminary injunction sought to preserve the status quo by preventing additional damaging construction and the admission of more detainees. But Florida seeks an administrative stay because they want to enable "new detention at the facility" immediately, Stay Mot. 45, and otherwise exacerbate the harms the district court's preliminary order seeks to

forestall, even before this Court evaluates whether a stay is warranted. The point of an administrative stay "is to minimize harm while an appellate court deliberates." *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring in denial of applications to vacate stay). As for the portion of the order requiring certain actions to undo the certain construction at the site, the district court provided Defendants with a substantial period—60 days—in which to comply to allow a "well-ordered transition." Dkt. 131 at 79. That period gives this Court considerable time to resolve Defendants' stay request without the need for an administrative stay.[2]

Second, Florida offers no justification for rushing to this Court for relief after giving the district court just **one business day** to rule on non-emergency motions for stay. *See* Fed. R. App. P. 8(a)(2) (requiring movant in this Court to show that district court failed to afford relief). The district court should be afforded the opportunity to rule on the motions for stay, as well as Friends' motion to strike improper evidence that Florida now seeks to have this Court consider. Notably, Defendants have conceded that objections to venue do not affect the district court's jurisdiction to rule. July 30, 2025, Tr. 45:23–46:6. *See also Harris Corp. v. Nat'l*

---

[2] Notably, the Federal Defendants have not sought an administrative stay. *See* ECF No. 20.

*Iranian Radio & Television*, 691 F.2d 1344, 1349 (11th Cir. 1982) ("[v]enue is not a jurisdictional prerequisite and its presence or absence does not affect a court's authority to adjudicate."). Finally, although the facility at one point had held up to 1,200 individuals, by August 20—before the district court entered the preliminary injunction—Defendants had voluntarily reduced that number to 336, suggesting lack of demand or available alternatives. Dkt. 144-1.

Friends therefore respectfully request that the Court deny Florida's request for an administrative stay, defer to the district court's authority to rule in the first instance on the pending motions, including Friends' motion to strike, and to allow briefing on any motion to stay in this Court to proceed in due course.

Respectfully submitted,

| | |
|---|---|
| EARTHJUSTICE<br>4500 Biscayne Boulevard, Suite 201<br>Miami, Florida  33137<br>Telephone:  (305) 440-5432<br><br>By:	s/   Tania Galloni<br>    Tania Galloni, Fla. Bar No. 619221<br>    tgalloni@earthjustice.org<br>    Dominique Burkhardt, Fla. Bar No. 100309<br>    dburkhardt@earthjustice.org<br>    Alisa Coe, Fla. Bar No. 10187<br>    acoe@earthjustice.org<br><br>*Counsel for Appellee Friends of the Everglades* | COFFEY BURLINGTON, P.L.<br>2601 South Bayshore Drive<br>Penthouse One<br>Miami, Florida  33133<br>Telephone:  (305) 858-2900<br><br>By:	s/   Paul J. Schwiep<br>    Paul J. Schwiep, Fla. Bar No. 823244<br>    PSchwiep@CoffeyBurlington.com<br>    Scott Hiaasen, Fla. Bar No. 103318<br>    SHiaasen@CoffeyBurlington.com<br>    Jeffrey B. Crockett, Fla. Bar No. 347401<br>    YVB@CoffeyBurlington.com<br>    LPerez@CoffeyBurlington.com<br>    service@CoffeyBurlington.com |

*Counsel for Plaintiffs-Appellees*

CENTER FOR BIOLOGICAL DIVERSITY
Elise Pautler Bennett, Fla. Bar No. 106573
ebennett@biologicaldiversity.org
Jason Alexander Totoiu, Fla. Bar No. 871931
jtotoiu@biologicaldiversity.org
Post Office Box 2155
St. Petersburg, FL 33731
Telephone: (727) 755-6950

*Counsel for Appellee Center for Biological Diversity*

## CERTIFICATE OF SERVICE

I certify that on August 27, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court and served on all counsel of record via this Court's CM/ECF system.

*/s/ Paul J. Schwiep*
Paul J. Schwiep

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Federal Rule of Appellate Procedure Rule 32(a).

*/s/ Paul J. Schwiep*
Paul J. Schwiep