Case No. 25-12873

===

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

FRIENDS OF THE EVERGLADES, INC., *et al*.,
*Plaintiffs-Appellees*,

v.

EXECUTIVE DIRECTOR,
FLORIDA DIVISION OF EMERGENCY MANAGEMENT, *et al.*
*Defendants-Appellants*.

---

On Appeal from the United States District Court
for the Southern District of Florida
Case No. 1:25-cv-22896-KMW
(Hon. Kathleen M. Williams, Dist. Judge)

---

## APPELLEES' TIME-SENSITIVE MOTION TO RECONSIDER
## ORDER STAYING FURTHER PROCEEDINGS IN THE DISTRICT
## COURT

---

Tania Galloni, FBN 619221
Dominique Burkhardt, FBN 100309
**EARTHJUSTICE**
4500 Biscayne Boulevard, Suite 201
Miami, Florida  33137
Telephone:  (305) 440-5434
tgalloni@earthjustice.org
dburkhardt@earthjustice.org

*Counsel for Friends of the Everglades*

Paul J. Schwiep, FBN 823244
Scott A. Hiaasen, FBN 103318
Jeffrey B. Crockett, FBN 347401
**COFFEY BURLINGTON, P.L.**
2601 S. Bayshore Drive, PH-1
Miami, Florida  33133
Telephone:  (305) 858-2900
pschwiep@coffeyburlington.com
shiaasen@coffeyburlington.com
jcrockett@coffeyburlington.com
yvb@coffeyburlington.com
service@coffeyburlington.com

*Counsel for Appellees*

Elise Pautler Bennett, FBN 106573
**CENTER FOR BIOLOGICAL
    DIVERSITY**
Post Office Box 2155
St. Petersburg, Florida 33731
Telephone: (727) 623-9797
ebennett@biologicaldiversity.org

*Counsel for Center for Biological
Diversity*

Christopher Ajizian
**CHRISTOPHER AJIZIAN P.A.**
1101 Brickell Ave., Ste. 700
Miami, Florida 33131
Telephone: (305) 699-5001
chris@ajizianlaw.com

Todd R. Friedman
**TODD R. FRIEDMAN P.A.**
1101 Brickell Ave., Ste. S-700
Miami, Florida 33131
Telephone: (786) 536-7190
todd@toddfriedmanpa.com

Elliot B. Kula
Elaine D. Walter
**KULA & ASSOCIATES, P.A.**
12000 Biscayne Blvd., Ste. 221
Miami, Florida 33181
Telephone: (305) 354-3858
eservice@kulalegal.com
elliot@kulalegal.com
elaine@kulalegal.com

*Counsel for
Plaintiff/Intervenor/Appellee The
Miccosukee Tribe of Indians of Florida*

## <u>CERTIFICATE OF INTERESTED PERSONS<br>AND CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1, Appellees, FRIENDS OF THE EVERGLADES, INC., a Florida not-for-profit corporation, CENTER FOR BIOLOGICAL DIVERSITY, a 501(c)(3) nonprofit organization, and THE MICCOSUKEE TRIBE OF INDIANS OF FLORIDA hereby state the following individuals and entities have an interest in the outcome of this appeal:

1.　Ajizian, Christopher, Esq.

2.　Bailey, Andrew, Esq.

3.　Bennett, Elise Pautler, Esq.

4.　Bird, Brenna, Esq.

5.　Boies Schiller Flexner LLP

6.　Bonzon-Keenan, Geraldine

7.　Brabender, Allen M., Esq.

8.　Burkhardt, Dominique, Esq.

9.　Carpenter, Hayley A., Esq.

10.　Bird, Brenna, Esq.

11.　Carr, Christopher M., Esq.

12.　Center for Biological Diversity

13.　Chris Ajizian P.A.

14.    Coe, Alisa, Esq.

15.    Coffey Burlington P.L.

16.    Coleman, Russel, Esq.

17.    Commonwealth of Kentucky

18.    Costello, David M., Esq.

19.    Crockett, Jeffrey B., Esq.

20.    Curran, Rachael

21.    DeNardi, Betsy, Esq.

22.    DeSousa, Jeffrey Paul, Esq.

23.    Drummond, Gentner F., Esq.

24.    Earthjustice

25.    Ezray, Evan M., Esq.

26.    Ficarelli, Dante, Esq.

27.    Florida Division of Emergency Management

28.    Florida Wildlife Federation

29.    Forrester, Nathan A., Esq.

30.    Friedman, Todd R., Esq.

31.    Friends of the Everglades, Inc.

32.    Galloni, Tania, Esq.

33.    Golembiewski, Kevin A., Esq.

34.  Griffin, Tim, Esq.

35.  Gustafson, Adam R.F., Esq.

36.  Guthrie, Kevin

37.  Hiaasen, Scott, Esq.

38.  Hilgers, Michael T., Esq.

39.  Izaak Walton League of America's Florida Chapter

40.  Jackley, Marty, Esq.

41.  Kautz, Keith G., Esq.

42.  Knudsen, Austin, Esq.

43.  Kobach, Kris, Esq.

44.  Kula & Associates, P.A.

45.  Kula, Elliot B., Esq.

46.  Labrador, Raúl, Esq.

47.  Lopez, Jaclyn, Esq.

48.  Lyons, Todd

49.  Marshall, Steve, Esq.

50.  Martinez, Hon. Jose E.

51.  McCuskey, John B., Esq.

52.  Miami-Dade County

53.  Miccosukee Tribe of Indians

54. Murray, David M., Esq.

55. Murrill, Liz, Esq.

56. Noem, Kristi

57. O'Byrne, Hayden P., Esq.

58. Panuccio, Jesse Michael, Esq.

59. Paxton, Ken, Esq.

60. People's Economic and Environmental Resiliency Group, Inc.

61. Perez, Monica Rizo, Esq.

62. Piropato, Marissa, Esq.

63. Raurell, Carlos J., Esq.

64. Rokita, Theodore E., Esq.

65. Sierra Club

66. Skrmetti, Jonathan, Esq.

67. State of Alabama

68. State of Alaska

69. State of Arkansas

70. State of Georgia

71. State of Idaho

72. State of Iowa

73. State of Kansas

74.    State of Louisiana

75.    State of Missouri

76.    State of Montana

77.    State of Nebraska

78.    State of North Dakota

79.    State of Ohio

80.    State of Oklahoma

81.    State of South Carolina

82.    State of South Dakota

83.    State of Tennessee

84.    State of West Virginia

85.    State of Wyoming

86.    Stetson University, Inc. College of Law's Jacobs Public Interest

Law Clinic for Democracy and the Environment

87.    Quiñones, Jason A. Reding, Esq.

88.    Sanchez, Hon. Eduardo I.

89.    Schenck, Robert S., Esq.

90.    Schwiep, Paul J., Esq.

91.    Singer, Frank

92.    Stander, Robert, Esq.

93.   Taylor, Treg, Esq.

94.   Todd R. Friedman P.A.

95.   Torres, Hon. Edwin G.

96.   Torstensen, Peter M., Esq.

97.   Totoiu, Jason Alexander, Esq.

98.   Tropical Audubon Society

99.   United States Department of Homeland Security

100.  United States Immigration and Customs Enforcement

101.  University of Miami School of Law's Environmental Justice

Clinic

102.  Uthmeier, James, Esq.

103.  VoteWater, Inc.

104.  Wahl, Christopher J., Esq.

105.  Walter, Elaine D., Esq.

106.  Williams, Hon. Kathleen M.

107.  Wilson, Alan, Esq.

108.  Wrigley, Drew H., Esq.

109.  Yost, David A., Esq.

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure, there are no

parent corporation or publicly held corporation that owns more than 10% of either

Appellees Friends of the Everglades, Inc. and Center for Biological Diversity's stock. Plaintiff/Intervenor/Appellee The Miccosukee Tribe of Indians of Florida, makes the following statement as to corporate ownership: No publicly traded company or corporation has an interest in the outcome of this case or appeal.

## TIME-SENSITIVE MOTION TO RECONSIDER ORDER STAYING FURTHER PROCEEDINGS IN THE DISTRICT COURT

Pursuant to Federal Rule of Appellate Procedure 27 and Eleventh Circuit Rules 27-1 & 27-2, Plaintiff-Appellees Friends of the Everglades, Center for Biological Diversity (collectively, Friends) and the Miccosukee Tribe of Indians of Florida (collectively, Plaintiff-Appellees) respectfully move the Court to reconsider its Order staying further proceedings in the district court until this Court resolves the interlocutory appeal from the district court's preliminary injunction on Plaintiff-Appellees' NEPA claim. Dkt 42-1[1] (Order) at 33.

In the course of seeking a stay of this preliminary injunction, Defendant-Appellant Kevin Guthrie included a single sentence seeking to stay the entirety of proceedings pending at the district court. But to stay all further proceedings pending resolution of this interlocutory appeal of a preliminary injunction is overbroad, unnecessary, and prejudicial. Plaintiff-Appellees should not be delayed from advancing their non-NEPA claims, and from pursuing discovery on their NEPA claims. Because the Court's interlocutory review of the preliminary injunction is narrow, it would not serve judicial efficiency or the interests of justice to stay the remainder of the case. Any such delay will prejudice Plaintiff-Appellees who will be precluded from advancing claims distinct from NEPA and from seeking to develop

---

[1] "Dkt," citations refer to docket before this Court, while "ECF No." citations refer to the docket before the district court.

evidence in support of their request for final relief under NEPA. Plaintiff-Appellees therefore respectfully request that the Court modify its order to allow proceedings before the district court to continue.

On August 26, 2025, Defendant-Appellant Kevin Guthrie ("Florida") filed his Time-Sensitive Motion to Stay Preliminary Injunction Pending Appeal and for Administrative Stay. Dkt. 9-1 (Fla. Mot.).  In addition to seeking a stay of the district court's preliminary injunction on Plaintiff-Appellees' NEPA claim, the motion requested that the Court "stay further merits proceedings in the district court until this appeal concludes." Fla. Mot. at 4; *id.* at 45 (asking the Court to "stay further merits proceedings until this appeal is decided (because the district court lacks venue and further proceedings are improper)"). Federal Defendant-Appellants filed a similar Time-Sensitive Motion for Stay Pending Appeal but did not ask the Court to stay further merits proceedings in the district court. Dkt. 20. All Plaintiff-Appellees opposed Florida's request for a stay of the merits proceedings in the district court. Dkt. 35 at 54, Dkt. 37 at 24.

On September 4, 2025, this Court granted both the Appellants' motions to stay the preliminary injunction, and also Florida's request to stay "the underlying case itself pending appeal." Order at 2, 33 (staying "further merits proceedings below until resolution of this appeal").

2

Florida's one-sentence request to stay *all* proceedings was not supported by any legal authority. This Court's precedent holds that an "interlocutory appeal does not completely divest the district court of jurisdiction" and that "[t]he district court has authority to proceed forward with portions of the case not related to the claims on appeal." *Johnson v. 3M Co.*, 55 F.4th 1304, 1309 (11th Cir. 2022) (quoting *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003)) (internal quotation marks omitted); *Daker v. Ward*, No. 19-14295, 2024 WL 3042539, at *2 (11th Cir. June 18, 2024) (explaining that "[a] district court order granting or denying a preliminary injunction is immediately appealable" but "[w]hen a party brings an interlocutory appeal, the district court retains jurisdiction to proceed with the portions of the case not related to the appeal.").

Further, an interlocutory appeal from a district court order granting Plaintiff-Appellees' preliminary relief is "significantly different" from the *merits* of the case and should not delay proceedings in the district court. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 392–94 (1981) (holding the disposition of an appeal from the preliminary injunction had no bearing on the merits before the district court, declining to rule on questions reaching the merits, and remanding to the district court for further proceedings); *see also Lackey v. Stinnie*, 145 S. Ct. 659, 667 (2025) (citing *Camenisch*, 451 U.S. at 394) (cautioning against improperly treating preliminary injunctions as "tantamount to decisions on the underlying merits"). Indeed, although

3

the filing of a notice of appeal ordinarily divests the district court of jurisdiction over the issues decided in the order being appealed, "jurisdiction is retained where, as here, the appeal is from an order granting or denying a preliminary injunction." *Webb v. GAF Corp.*, 78 F.3d 53, 55–56 (2d Cir. 1996) (dismissing interlocutory appeal of preliminary injunction as moot after the district court converted the preliminary injunction to a permanent injunction and disposed of other motions pending before the trial court).

Florida's request to halt the litigation in its entirety is unnecessary and prejudicial. Apart from the NEPA issue that was the basis for the preliminary injunction on appeal, this case will address additional statutory and common law claims brought by both Friends and the intervenor Miccosukee Tribe. ECF No. 1 (Friends Compl.); ECF No. 84 (Tribe Compl.). Indeed, the day after the district court's injunction issued, the parties filed a Joint Motion to Extend Time to allow Friends to file an Amended Complaint to add additional (non-NEPA) claims, and to extend the time for Florida and the Federal Defendants to respond to the amended complaint, by October 27, 2025. ECF No. 135. The district court granted the unopposed motion. ECF No. 142.

Friends and the Miccosukee Tribe are prejudiced so long as the remainder of the proceedings below are stayed on non-NEPA claims for no discernible (or valid) reason. Notwithstanding the pendency of an interlocutory appeal on a NEPA-based

preliminary injunction, Plaintiff-Appellees are entitled to proceed toward a decision on the merits of all their present and anticipated claims, including under the Endangered Species Act—which could not be brought without 60 days' advance notice, 16 U.S.C. § 1540(g), and the National Historic Preservation Act. *See, e.g.*, Friends Compl. 18 ¶ 53 (intent to add ESA claim within 60 days of notice), *id.* at 24 (APA notice-and-comment claim); *id.* at 24–25 (*ultra vires* claim against Florida Division of Emergency Management); *id.* at 25–26 (claim against Miami-Dade County); Tribe Compl. (ECF No. 84) at 6–7 (APA notice-and-comment claim); *id.* at 7–10 (National Historic Preservation Act claim). It is also in the interest of justice to resolve cases expeditiously unless there is a legitimate reason to halt judicial proceedings. There is no such reason regarding claims based on distinct statutory and common law grounds beyond those at issue in the interlocutory appeal.

Florida, on the other hand, will not be prejudiced.  It has obtained a stay of the NEPA-based preliminary injunction. Florida has not asserted, and cannot assert, any significant harm from the proceedings below continuing in the ordinary course of litigation. Specifically, Florida has not questioned the district court's jurisdiction and the Federal Defendants have expressly conceded it.

Finally, the stay of proceedings in the district court cannot rest on Defendant-Appellants' arguments about venue, as this Court "refrain[ed] here from wading into the Defendants' likelihood of success on their venue defense and le[ft] th[e] matter

to the merits panel." Order at 27. More importantly, as Federal Defendant-Appellants have conceded, Pls.App.479:2-480:23, "[v]enue is not a jurisdictional prerequisite and its presence or absence does not affect a court's authority to adjudicate." *Harris Corp. v. Nat'l Iranian Radio & Television,* 691 F.2d 1344, 1349 (11th Cir. 1982). Therefore, any questions surrounding venue raised on the interlocutory appeal of a preliminary injunction do not—and cannot—support a stay of the proceedings on the merits in the district court. This is especially so since at least some of the additional claims entail entirely separate venue analyses based on different statutory venue provisions. *See, e.g.,* 16 U.S.C. § 1540(g)(3)(A) (separate venue provision in the ESA citizen suit provision).

Further, even as to the NEPA issue, the Supreme Court has made clear that emergency injunction proceedings should not be conflated with final merits determinations. *Camenisch*, 451 U.S. at 394. Thus, given the "limited purpose" of a "preliminary injunction," a ruling on such a request is ordinarily made on the basis of "evidence that is less complete than in a trial on the merits." *Id*. at 395. Consequently, a ruling on an emergency injunction (whether in the district court or on appeal) ordinarily does not control the ultimate outcome of the case on a full record). Here, for example, this Court's stay ruling specifically calls into question the *factual* record relied on by the district court for various aspects of its analysis. *See, e.g.,* Order at 20, 23. Irrespective of how the merits panel addresses the same

6

matters, this should not preclude the district court or the parties from compiling a more complete factual for ultimate disposition of the case. *Camenisch*, 451 U.S. at 395. (explaining that the "District Court and the Court of Appeals both properly based their decisions not on the ultimate *merits*" of the case but rather on the balance of factors pertinent to emergency injunctive relief).[2]

For the foregoing reasons, Plaintiff-Appellees respectfully request that this Court reconsider the stay of the proceedings in the district court so that Plaintiff-Appellees may proceed on matters not before this Court, including but not limited to any claims they may seek to amend or supplement into their Complaint.

Date:  September 8, 2025

---

[2] Further, insofar as the merits panel will address, in the context of the preliminary injunction appeal, the venue issue, that could (at most) support transfer of the case – including any additional factual record that is compiled in the meantime. In any event, allowing a fuller factual record to be developed on the NEPA issue would be consistent with the expeditious resolution of the case.

Respectfully submitted,

EARTHJUSTICE
4500 Biscayne Boulevard, Suite 201
Miami, Florida  33137
Telephone:  (305) 440-5432

By:_____s/___Tania Galloni_____
    Tania Galloni, Fla. Bar No. 619221
    tgalloni@earthjustice.org
    Dominique Burkhardt, Fla. Bar No.
    100309
    dburkhardt@earthjustice.org


*Counsel for Appellee Friends of the
Everglades*

COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive
Penthouse One
Miami, Florida  33133
Telephone:  (305) 858-2900

By:_____s/___Paul J. Schwiep_____
    Paul J. Schwiep, Fla. Bar No.
    823244
    PSchwiep@CoffeyBurlington.com
    Scott Hiaasen, Fla. Bar No. 103318
    SHiaasen@CoffeyBurlington.com
    YVB@CoffeyBurlington.com
    LPerez@CoffeyBurlington.com
    service@CoffeyBurlington.com


*Counsel for Plaintiffs-Appellees*


CENTER FOR BIOLOGICAL
DIVERSITY
Elise Pautler Bennett, Fla. Bar No.
106573
ebennett@biologicaldiversity.org
Jason Alexander Totoiu, Fla. Bar No.
871931
jtotoiu@biologicaldiversity.org
Post Office Box 2155
St. Petersburg, FL 33731
Telephone:  (727) 755-6950

*Counsel for Appellee Center for
Biological Diversity*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This motion complies with the permitted type-volume limit because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 2,743 words.

2.      This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Paul J. Schwiep*
Paul J. Schwiep

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 8, 2025, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of docketing activity to all parties who are registered through CM/ECF.

*/s/ Paul J. Schwiep*
Paul J. Schwiep