No. 25-12873

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FRIENDS OF THE EVERGLADES and CENTER FOR BIOLOGICAL
DIVERSITY,
*Plaintiffs/Appellants*,

v.

KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,
*Defendants/Appellees*.

Appeal from the United States District Court for the Southern District of Florida
No. 1:25-cv-22896 (Hon. Katherine M. Williams)

**OPPOSITION TO TIME-SENSITIVE MOTION FOR RECONSIDERATION**

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

ROBERT STANDER
*Deputy Assistant Attorney General*

MARISSA A. PIROPATO
HAYLEY A. CARPENTER
ALLEN M. BRABENDER
*Attorneys*
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7415
Washington, DC 20044
(202) 532-3281
allen.brabender@usdoj.gov

## CERTIFICATE OF INTERESTED PERSONS

Undersigned counsel hereby certifies that the following is a complete list of all the known trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the case:

1. Ajizian, Christopher

2. Bailey, Andrew

3. Barta, James A.

4. Bennett, Elise Pautler

5. Bird, Brenna

6. Boies Schiller Flexner LLP

7. Bonzon-Keenan, Geraldine

8. Brabender, Allen M.

9. Burkhardt, Dominique

10. Carpenter, Hayley A.

11. Carr, Christopher M.

12. Center for Biological Diversity

13. Coe, Alisa

14. Coffey Burlington, P.L.

15. Coleman, Russel

16. Commonwealth of Kentucky

17. Costello, David

18. Crockett, Jeffrey B.

19. Curran, Rachel

20. DeNardi, Betsy

21. DeSousa, Jeffrey Paul

22. Drummond, Gentner F.

23. Earthjustice

24. Ezray, Evan

25. Ficarelli, Dante

26. Florida Department of Emergency Management

27. Florida Wildlife Federation

28. Forrester, Nathan A.

29. Friedman, Todd

30. Friends of the Everglades, Inc.

31. Galloni, Tania

32. Golembiewski, Kevin A.

33. Griffin, Tim

34. Gustafson, Adam R.F.

35. Guthrie, Kevin

36. Hiaasen, Scott

37. Hilgers, Michael T.

38. Issac Walton League of America Florida Chapter

39.     Jackley, Marty

40.     Kautz, Keith G.

41.     Knudsen, Austin

42.     Kula, Elliot Burt

43.     Labrador, Raul

44.     Lyons, Todd

45.     Marshall, Steve

46.     Martinez, Hon. Jose E.

47.     McCuskey, John B.

48.     Miami-Dade County

49.     Miccosukee Tribe of Indians

50.     Muehlhoff, Jason

51.     Murray, David M.

52.     Murrill, Liz

53.     Noem, Kristi

54.     O'Byrne, Hayden P.

55.     Panuccio, Jesse

56.     Paxton, Ken

57.     People's Economic and Environmental Resiliency Group, Inc.

58.     Perez, Monica Rizo

59.     Piropato, Marissa

60. Raurell, Carlos J.

61. Rizo, Monica

62. Rokita, Theodore E.

63. Quiñones, Jason A. Reding

64. Sanchez, Hon. Eduardo I.

65. Schenck, Robert S.

66. Schwiep, Paul J.

67. Sharpless, Rebecca A.

68. Sierra Club

69. Singer, Frank

70. Skrmetti, Jonathan

71. Stander, Robert

72. State of Alabama

73. State of Alaska

74. State of Arkansas

75. State of Georgia

76. State of Idaho

77. State of Indiana

78. State of Iowa

79. State of Kansas

80. State of Louisiana

81.   State of Missouri

82.   State of Montana

83.   State of Nebraska

84.   State of North Dakota

85.   State of Ohio

86.   State of Oklahoma

87.   State of South Carolina

88.   State of South Dakota

89.   State of Tennessee

90.   State of Texas

91.   State of West Virginia

92.   State of Wyoming

93.   Stetson University College of Law's Jacobs Public Interest Clinic

94.   Taylor, Treg

95.   Todd R. Friedman P.A.

96.   Torres, Hon. Edwin G.

97.   Torstensen, Peter M.

98.   Totoiu, Jason Alexander

99.   Tropical Audubon Society

100.   United States Department of Homeland Security

101.   United States Immigration and Custom Enforcement

102. University of Miami School of Law's Environmental Justice Clinic

103. Uthmeier, James

104. VoteWater, Inc.

105. Wahl, Christopher J.

106. Walter, Elaine Dawn

107. Wilson, Alan

108. Williams, Hon. Kathleen M.

109. Wrigley, Drew H.

110. Yost, David A.

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

/s/ Allen M. Brabender
ALLEN M. BRABENDER

## INTRODUCTION

Plaintiffs offer no basis for this Court to change its mind about its recent order staying the district court proceedings. This case "is a testament to environmental review run amok," *Appalachian Voices v. FERC*, 139 F.4th 903, 919 (D.C. Cir. 2025) (Henderson, J., concurring), and it should not be allowed to proceed.

Based on a thorough legal analysis, this Court granted the state and federal defendants' motions for a stay of the preliminary injunction. ECF 42-1 at 33. The Court further granted the state defendant's motion to stay further merits proceedings until this appeal is decided. *Id.* The state defendants argued that a stay of the proceedings is appropriate because the district court lacks venue and further proceedings are improper. ECF 9-1 at 45.

During briefing on the motions for stay, the federal defendants joined the state's arguments that the district court lacks venue. ECF 20 at 6. The federal defendants therefore support this Court's sensible order granting the state's motion to stay further district-court proceedings for that reason. A stay of the district court's proceedings also is justified because the appeal will address threshold legal issues such as whether Plaintiffs have challenged any "major federal action" subject to the National Environment Policy Act (NEPA), or any "final agency action" reviewable under the Administrative Procedure Act (APA). The resolution of those issues is likely to resolve all present or future claims against the federal defendants. A stay also is necessary to prevent Plaintiffs from pursuing improper and burdensome discovery.

For these reasons, as more thoroughly explained below, this Court should deny

Plaintiffs' motion to reconsider the stay of the district-court proceedings.

## ARGUMENT

**I.     The district court proceedings should remain stayed because the appeal likely will address a threshold legal issue that would resolve all claims against the federal defendants.**

Plaintiffs argue that this Court should lift the stay because they wish to amend

their complaint to pursue claims beyond their National Environment Policy Act

(NEPA) claims on which this Court determined they are unlikely to succeed. ECF 42-

1 at 12-23. But all those claims require "final agency action" and, as this Court has

concluded, Plaintiffs fail to challenge "final agency action" under the APA.

NEPA claims must be brought challenging "final agency action" under the

APA. *See Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1173 (11th Cir. 2006); *see also*

42 U.S.C. § 4336(a)(1) (only final agency action under the APA triggers NEPA

obligations). Plaintiffs have not challenged any discrete, affirmative final agency

action, so the district court concluded that the reviewable action is a "failure to act."

U.S.App.158. In the district court's view, the lack of an EA or EIS qualifies as final

agency action. U.S.App.158-61.[1] As this Court correctly observed in granting the

motion to stay, the district court's view is erroneous. ECF 42-1 at 14. One central

---

[1] "U.S.App." refers to the appendix attached to the United States' motion for stay pending appeal. ECF 20.

question before this Court on appeal therefore is whether Plaintiffs' NEPA claims fail because, as a matter of law, they fail to challenge "final agency action" under the APA. *See NTEU v. Vought*, No. 25-5091, __F.4th__, 2025 WL 2371608, at *11 (D.C. Cir. Aug. 15, 2025) ("the question of what counts as final agency action reviewable under the APA is a legal one, which we decide without deference to the district court").

Now, Plaintiffs contend that this Court should lift the stay because they wish to amend their complaint to add claims under the Endangered Species Act (ESA), National Historic Preservation Act (NHPA), and the APA's notice-and-comment provisions. ECF 43 at 5. But, like the NEPA and APA claims, the ESA and NHPA claims can only be brought against "final agency action" under the APA. *See Bennett v. Spear,* 520 U.S. 154, 174 (1997) (declining to administer the ESA in a manner that "would effect a wholesale abrogation of the APA's 'final agency action' requirement"); *Karst Env't Educ. & Prot., Inc. v. EPA*, 475 F.3d 1291, 1295 (D.C. Cir. 2007) ("NHPA actions must also be brought pursuant to the APA"). Like their NEPA claims, Plaintiffs' anticipated ESA and NHPA claims too will fail because Plaintiffs have failed to challenge any final agency action under the APA related to the temporary detention facility's construction, operation, or funding.

Thus, all of Plaintiffs' current and anticipated claims against the federal defendants will fail for the same threshold reason that this Court will address on appeal. Moreover, this Court considers the failure to challenge "final agency action" to be a jurisdictional defect. *In re MDL-1824 Tri-State Water Rights Litig.*, 644 F.3d

3

1160, 1181 (11th Cir. 2011). Maintaining the stay therefore promotes judicial efficiency and the interests of justice by resolving the threshold or jurisdictional questions first. The motion for reconsideration of the stay should be denied.

**II.    The district court proceedings should remain stayed because Plaintiffs intend to use such proceedings to conduct improper and prejudicial discovery on their APA claims.**

Plaintiffs also argue that this Court should lift the stay so that they may pursue "discovery on their NEPA claims" and develop "a fuller factual record." ECF 43 at 1, 7 n.2. Such discovery and factual development would be highly improper. *See Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996) (*PEACH*) (explaining that the "task of the reviewing court is to apply the appropriate ... standard of review ... to the agency decision based on the record the agency presents to the reviewing court"). To prevent this mischievous and wasteful discovery from advancing, the stay should remain in place.

The purpose of discovery is to empower parties to obtain knowledge of the "facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). But the question of what counts as major federal action—like the question of what counts as final agency action—is a legal question, not a fact question. *See NTEU*, __F.4th__, 2025 WL 2371608, at *11.[2] The inquiry is purely legal because NEPA claims are reviewable only

---

[2] For this reason, Plaintiffs misplace their reliance on *University of Texas v. Camenisch*, 451 U.S. 390 (1981) and *Lackey v. Stinnie*, 145 S. Ct. 659 (2025), for the proposition that the NEPA issues have not been decided because a fuller factual record needs to

under the APA's arbitrary-or-capricious standard "based on the record the agency presents to the reviewing court." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). Rather than a trial and discovery, in APA cases, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Id.* (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). "[I]f the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id.* at 744. "The reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Id.*

True, because the facility's construction and operation are exclusively state actions without substantial federal involvement or control, there is no written decision or record from the agencies for the courts to review. But if such a decision were

---

be assembled. ECF 43 at 3, 6. Notably, *Camenisch* and *Lackey* are not APA cases. In this context, future panels will be in no better position than the motions panel to decide the NEPA issues because APA cases involve pure questions of the law. *See Occidental Eng'g Co v. INS*, 753 F.2d 766, 769 (9th Cir. 1985) (in an APA case, "the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did"). In fact, in similar circumstances, courts have applied the law-of-the-case doctrine to preclude relitigating a panel's fully considered appellate ruling denying a preliminary injunction in an APA case at the merits stage. *See Protect Our Parks, Inc. v. Buttigieg*, 97 F.4th 1077, 1091 (7th Cir. 2024).

necessary to evaluate any claimed NEPA violation (and we do not think it is),[3] the

proper course would be to seek an explanation from the agencies, rather than

"discovery" of factual material leading to a trial de novo. *See Florida Power*, 470 U.S. at

744. That explanation would then be reviewed under the APA's "exceedingly

deferential" standards. *Fund for Animals, Inc. v. Rice*, 85 F.3d 535, 541 (11th Cir. 1996).

It therefore follows that discovery is not available in APA cases, except in

narrow circumstances not at play here.[4] *See Joseph G. Moretti, Inc. v. Hoffman*, 526 F.2d

1311, 1312 (5th Cir. 1976) (affirming an order denying a request for discovery in an

APA case because an agency's final decision "must be reviewed only on the

administrative record" and "[i]nformation extraneous to the record should not be

---

[3] There would be no reason to seek an explanation from the agencies because, by
definition, there is no major federal action. Congress excluded from the definition of
major federal action "a non-Federal action—(I) with no or minimal Federal funding;
or (II) with no or minimal Federal involvement where a Federal agency cannot
control the outcome of the project." 42 U.S.C. § 4336e(10)(B)(i). Because the
detention center is a state action that has received no federal funding, it is excluded
from NEPA's definition of major federal action. U.S.App.34-35, 38.

[4] Citing a Ninth Circuit case, this Court has acknowledged that a reviewing court may
go beyond the administrative record in certain narrow circumstances such as where:

> 1) an agency's failure to explain its action effectively frustrates judicial
> review; 2) it appears that the agency relied on materials not included in
> the record; 3) technical terms or complex subjects need to be explained;
> or 4) there is a strong showing of agency bad faith or improper behavior.

*PEACH*, 87 F.3d at 1246 n.1 (citing *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436
37 (9th Cir. 1988)). But this Court did not specifically endorse any of these
exceptions. It only held that none of the exceptions applied in that case. *Id.*

considered"). Thus, lifting the stay to allow for discovery in this ordinary APA matter would be highly improper on this record. *Fund for Animals*, 85 F.3d at 547-48; *Alabama-Tombigbee Rivers Coal. v. Kempthorne,* 477 F.3d 1250, 1262 (11th Cir. 2007); *Najjar v. Ashcroft*, 257 F.3d 1262, 1278 (11th Cir. 2001).

In fact, lifting the stay to allow discovery is not only improper—it is deleterious and prejudicial. De novo factual development effectively would cast the court in the role of the agency it is meant to review, eroding the APA's carefully delineated roles for federal courts and agencies during litigation. As the D.C. Circuit has summarized:

> The administrative function is statutorily committed to the agency, not the judiciary. A reviewing court is not to supplant the agency on the administrative aspects of the litigation. Rather, the judicial function is fundamentally and exclusively an inquiry into the legality and reasonableness of the agency's action, matters to be determined solely on the basis upon which the action was administratively projected.

*Doraiswamy v. Secretary of Labor*, 555 F.2d 832, 840 (D.C. Cir. 1976). And the kind of factual development that Plaintiffs seek by lifting the stay would be doubly prejudicial here because NEPA leaves the decision about whether action is major federal action to the agency carrying out the action. *See* 42 U.S.C. § 4336e(10)(A) (defining "major Federal action" as "an action that the *agency* carrying out such action *determines* is subject to substantial Federal control and responsibility.") (emphasis added).

Because Plaintiffs seek to lift the stay for the improper purpose of pursuing discovery on APA claims, this Court should keep the stay in place.

**III. The district court proceedings should remain stayed because venue in the Southern District of Florida is improper.**

The stay also should remain in place because venue in the Southern District of Florida is improper under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(e)(1)(B), as more fully explained by the state defendants in their stay motion. ECF 9-1 at 14-23; Fed. R. App. P. 28(i) ("any party may adopt by reference a part of another's brief").

The district court also erred in concluding that venue is proper in the Southern District under 28 U.S.C. § 1391(e)(1)(C) because a plaintiff resides there and a defendant is an officer or employee of the United States. U.S.App.132-36. Venue is proper under that theory only "if no real property is involved in the action." 28 U.S.C. § 1391(e)(1)(C). Because Plaintiffs requested and the district court ordered relief involving real property, including an injunction controlling the use to which the land can be put and the removal of its fixtures, venue lies only in the Middle District where the underlying land sits.

Contrary to the district court's erroneous conclusion, this is not a case where the land is just peripherally involved. *See* ECF 42-1 at 33 (questioning "the district court's implication that the location of the Site itself is somehow peripheral to the events giving rise to the claim"). Plaintiffs allege that the defendants wrongfully commandeered the property. U.S.App.16, 26. They seek a declaration that the facility violates state "land-use laws." U.S.App.26. And Plaintiffs explicitly seek an injunction

restricting the use to which the land can be put and prohibiting its "further development" as a detention center. *Id.*

The district court's injunction confirms that this case involves real property by prohibiting the land from being used as a detention center, by prohibiting the state from improving the real property with new buildings or other facilities, and by forbidding any new paving, filling, or excavating. U.S.App.188. The district court also forbade the state from installing new lighting or fencing on the property and it ordered the removal of the existing fencing, lighting, sewage and other infrastructure. U.S.App.189. By restricting the use to which the land may be put and requiring removal of its fixtures, the district court's injunction proves that this case involves real property, making venue improper in the Southern District under § 1391(e)(1)(C).

Plaintiffs contend that the improper venue should not prevent the district court from proceeding to final judgment because the federal defendants admit that venue is not "jurisdictional." ECF 43 at 5-6. But this non-jurisdictional distinction is irrelevant. Regardless of whether it is jurisdictional and therefore cannot be waived, proper venue under 28 U.S.C. § 1391 is a statutory requirement or a mandatory claim-processing rule establishing where a proceeding should be commenced. "If properly invoked, mandatory claim-processing rules must be enforced." *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20 (2017). *Cf. also Forest Guardians v. U.S. Forest Serv.*, 641 F.3d 423, 432 (10th Cir. 2011) ("Regardless of whether it is jurisdictional, the explicit exhaustion requirement in § 6912(e) is, nonetheless, mandatory.").

9

Proper venue is also a "threshold question." *Perttu v. Richards*, 605 U.S. 460, 474 (2025). As such, proper venue, when timely objected to, must be determined at the outset of litigation before a court adjudicates merits questions. *See Chevron U.S.A., Inc. v. EPA*, 45 F.4th 380, 385 (D.C. Cir. 2022); *see also Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1357 (11th Cir. 1990) ("On a threshold motion involving venue, this court cannot, and indeed should not, make a determination regarding the merits[.]").

Plaintiffs therefore misuse this Court's decision in *Harris Corp. v. Nat'l Iranian Radio & Television*, 691 F.2d 1344, 1349 (11th Cir. 1982), by incorrectly claiming that it holds that proper venue's absence "does not affect a court's authority to adjudicate." ECF 43. Rather, *Harris Corp.* simply stands for the unarguable proposition that objections to venue may be waived when not timely raised. 691 F.2d at 1349. But the defendants timely raised their objections before the first responsive pleading (ECF 42-1 at 23-27), so the improper venue removes the district court's authority to adjudicate the merits. This Court therefore sensibly stayed the district-court proceedings to promote judicial efficiency while the merits panel addresses the venue issue.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration should be denied.

Respectfully submitted,

/s/ *Allen M. Brabender*
ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

ROBERT STANDER
*Deputy Assistant Attorney General*

MARISSA A. PIROPATO
HAYLEY A. CARPENTER
ALLEN M. BRABENDER
*Attorneys*
U.S. Department of Justice
Environment and Natural Resources Division
Post Office Box 7415
Washington, D.C. 20044
(202) 532-3281
allen.brabender@usdoj.gov

September 18, 2025
DJ # 90-1-4-17960

11

# CERTIFICATE OF COMPLIANCE

I hereby certify:

1.      This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(i) because, excluding the parts of the document exempted by Rule 32(f), this document contains 2,715 words.

2.      This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Garmond font.

/s/ *Allen M. Brabender*
ALLEN M. BRABENDER

Counsel for the Federal Defendants