No. 25-12873

In the United States Court of Appeals
for the Eleventh Circuit

FRIENDS OF THE EVERGLADES, INC., ET AL.,
*Plaintiffs-Appellees,*

V.

EXECUTIVE DIRECTOR, FLORIDA DIVISION OF
EMERGENCY MANAGEMENT, ET AL.,
*Defendant-Appellant.*

On Appeal from the United States District Court
for the Southern District of Florida
No. 25-cv-22896-KMW

**APPELLANT FDEM'S RESPONSE IN
OPPOSITION TO APPELLEES' MOTION
FOR RECONSIDERATION**

James Uthmeier
 *Attorney General of Florida*
Jeffrey Paul DeSousa
 *Acting Solicitor General*
Nathan A. Forrester
 *Chief Deputy Solicitor General*
Kevin A. Golembiewski
 *Senior Deputy Solicitor General*
Robert S. Schenck
 *Assistant Solicitor General*
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399
jeffrey.desousa@myfloridalegal.com

September 18, 2025

Jesse Panuccio
Evan Ezray
David Costello
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, FL 33301
jpanuccio@bsfllp.com

*Counsel for Kevin Guthrie, in
his official capacity as
Executive Director of the
Florida Division of Emergency
Management*

*FOE v. FDEM*
*Eleventh Circuit Case No. 25-12873*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellant Kevin Guthrie, in his official capacity as Executive Director of the Florida Division of Emergency Management (FDEM), certifies that, to the best of his knowledge, the following is a complete list of interested persons as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 to 26.1-3:

1.   Ajizian, Christopher

2.   Bailey, Andrew

3.   Barta, James A.

4.   Bennett, Elise Pautler,

5.   Bird, Brenna

6.   Boies Schiller Flexner LLP

7.   Bonzon-Keenan, Geraldine

8.   Brabender, Allen M.

9.   Burkhardt, Dominique

10.   Carpenter, Hayley A.

11.   Bird, Brenna

12.   Carr, Christopher M.

*FOE v. FDEM*
*Eleventh Circuit Case No. 25-12873*

13.    Center for Biological Diversity

14.    Chris Ajizian P.A.

15.    Coe, Alisa

16.    Coffey Burlington P.L.

17.    Coleman, Russel

18.    Commonwealth of Kentucky

19.    Costello, David M.

20.    Crockett, Jeffrey B.

21.    Curran, Rachael

22.    DeNardi, Betsy

23.    DeSousa, Jeffrey Paul

24.    Drummond, Gentner F.

25.    Earthjustice

26.    Ezray, Evan M.

27.    Ficarelli, Dante

28.    Florida Division of Emergency Management

29.    Florida Wildlife Federation

30.    Forrester, Nathan A.

*FOE v. FDEM*
*Eleventh Circuit Case No. 25-12873*

31.    Friedman, Todd R.

32.    Friends of the Everglades, Inc.

33.    Galloni, Tania

34.    Golembiewski, Kevin A.

35.    Griffin, Tim

36.    Gustafson, Adam R.F.

37.    Guthrie, Kevin

38.    Hiaasen, Scott

39.    Hilgers, Michael T.

40.    Izaak Walton League of America's Florida Chapter

41.    Jackley, Marty

42.    Kautz, Keith G.

43.    Knudsen, Austin

44.    Kobach, Kris

45.    Kula & Associates, P.A.

46.    Kula, Elliot B.

47.    Labrador, Raúl

48.    Lopez, Jaclyn

49.   Lyons, Todd

50.   Marshall, Steve

51.   Martinez, Hon. Jose E.

52.   McCuskey, John B.

53.   Miami-Dade County

54.   Miccosukee Tribe of Indians

55.   Murray, David M.

56.   Murrill, Liz,

57.   Noem, Kristi

58.   O'Byrne, Hayden P.

59.   Panuccio, Jesse

60.   Paxton, Ken

61.   People's Economic and Environmental Resiliency Group, Inc.

62.   Perez, Monica Rizo

63.   Piropato, Marissa

64.   Raurell, Carlos J.

65.   Rokita, Theodore E.

66.   Sierra Club

*FOE v. FDEM*
*Eleventh Circuit Case No. 25-12873*

67.  Skrmetti, Jonathan

68.  State of Alabama

69.  State of Alaska

70.  State of Arkansas

71.  State of Georgia

72.  State of Idaho

73.  State of Iowa

74.  State of Kansas

75.  State of Louisiana

76.  State of Missouri

77.  State of Montana

78.  State of Nebraska

79.  State of North Dakota

80.  State of Ohio

81.  State of Oklahoma

82.  State of South Carolina

83.  State of South Dakota

84.  State of Tennessee

*FOE v. FDEM*
*Eleventh Circuit Case No. 25-12873*

85.   State of West Virginia

86.   State of Wyoming

87.   Stetson University, Inc. College of Law's Jacobs Public Interest Law Clinic for Democracy and the Environment

88.   Quiñones, Jason A. Reding

89.   Sanchez, Hon. Eduardo I.

90.   Schenck, Robert S.

91.   Schwiep, Paul J.

92.   Singer, Frank

93.   Stander, Robert

94.   Taylor, Treg

95.   Todd R. Friedman P.A.

96.   Torres, Hon. Edwin G.

97.   Torstensen, Peter M.

98.   Totoiu, Jason Alexander

99.   Tropical Audubon Society

100.  United States Department of Homeland Security

101.  United States Immigration and Customs Enforcement

*FOE v. FDEM*
*Eleventh Circuit Case No. 25-12873*

102. University of Miami School of Law's Environmental Justice Clinic

103. Uthmeier, James

104. VoteWater, Inc.

105. Wahl, Christopher J.

106. Walter, Elaine D.

107. Williams, Hon. Kathleen M.

108. Wilson, Alan

109. Wrigley, Drew H.

110. Yost, David A.

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

## INTRODUCTION

After reviewing an eighty-two-page district court order and multiple briefs from the parties and amici, this Court issued a well-reasoned order staying the preliminary injunction and the proceedings below. This Court had good reason to do so. The district court enjoined a vital immigration-detention facility that supports "DHS's ability to keep criminal aliens detained, protect the law-abiding public, enforce immigration laws, and maintain border security," and ensures that Florida's "already stressed and overcrowded system" does not reach "a breaking point." Stay Op.28, 32. The district court did so without "properly constru[ing]" whether it had venue, an issue on which Defendants "are likely to prevail on appeal." Stay Op.24, 26 n.9. Moreover, the district court largely ignored "the Supreme Court's most recent decision about the statute lying at the heart of this case," adopting an invasive "role [for] the federal judiciary" that is inconsistent with *Seven County Infrastructure Coalition v. Eagle County*, 145 S. Ct. 1497 (2025). Stay Op.10.

Without venue, the court below does not have authority to adjudicate this lawsuit. Nor does the district court have jurisdiction to

proceed because numerous provisions of the INA remove jurisdiction to issue injunctions like the one issued here.  FDEM Stay Mot.32-36.  And even if the district court had venue and jurisdiction, its view of the scope of its power under NEPA is contrary to binding precedent.  These significant issues make a stay of proceedings both legally warranted and efficient for the parties and courts.

Appellees now ask the Court to reconsider its decision, on grounds they could have raised, but chose not to raise, in their opposition to Defendants' motions.  Such arguments are waived.  They are also meritless.  The stay facilitates efficient litigation.  It ensures that any remand takes place in the right court with guidance from this Court on the merits.  Appellees also have identified no harm from the stay of the district court proceedings.  Accordingly, the merits panel should decide venue and jurisdiction first.  If there remain any cognizable claims, the parties can then litigate them in the proper forum, considering this Court's holding on how NEPA must be applied under *Seven County*. Reconsideration should be denied.

# ARGUMENT

## I. APPELLEES IMPROPERLY RAISE NEW ARGUMENTS ON A MOTION FOR RECONSIDERATION

In its stay motion, FDEM requested a stay of all proceedings pending resolution of this appeal. Appellees filed three opposition briefs totaling 115 pages and nearly 18,000 words. The Tribe chose not to address this aspect of the motion.[1] Tribe Resp.25. And Plaintiffs offered only a conclusory opposition, with no reasoning: "Defendants' request for a stay of the action in the district court should also be denied." Pls. Resp.54. In short, Appellees did not even take "a passing shot at the issue," *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) (quoting *Brown v. Nucor Corp.*, 785 F.3d 895, 923 (4th Cir. 2015)), let alone develop a meaningful response. At best, Plaintiffs opposed a stay of proceedings "for the reasons" they opposed a stay pending appeal, Pls. Resp.54—reasons this Court has already rejected and which Plaintiffs do not contest at this stage.

---

[1] Appellees erroneously claim the Tribe addressed the stay request at page 24 of its response. But that page addressed only the applicable standard of review and the district court's factfinding. Nor did the Tribe discuss FDEM's request to stay proceedings in its concluding paragraph. Tribe Resp.25.

Appellees belatedly seek to undo their waiver with a supplemental brief masquerading as a reconsideration motion.  But this Court "do[es] not consider issues or arguments raised for the first time on petition for rehearing," *United States v. Martinez*, 96 F.3d 473, 475 (11th Cir. 1996), or in a "motion for reconsideration," *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009), when they "were 'previously available, but not pressed,'" *id.* (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998)).  That "well established" "prudential rule" preserves "judicial economy" and promotes "finality."  *United States v. Levy*, 416 F.3d 1273, 1275-76 (11th Cir. 2005).  And it reflects the limited purpose of rehearing and reconsideration motions: to identify points "the court has overlooked or misapprehended."  *E.g.*, Fed. R. App. P. 40(b)(1).

Here, the panel did not overlook or misapprehend anything.  All the arguments Appellees raise in their motion were "available" during briefing on FDEM's stay request.  *Wilchombe*, 555 F.3d at 957 (citation omitted).  Because they failed to "press[]" them, *id.* (citation omitted), the arguments are forfeited, and this Court should "not consider" them, *Martinez*, 96 F.3d at 475.

4

## II.    THIS COURT RIGHTLY STAYED THE LOWER-COURT PROCEEDINGS

Even if this Court does reach the merits of Appellees' arguments, it should deny the motion because Appellees present no meritorious basis for reconsideration.

### A.    This Court Was Authorized to Stay Proceedings

Appellees open by musing (at 3) that an interlocutory appeal does not divest a district court of jurisdiction. But circuit courts have inherent authority to manage cases under review and, where justified, to stay district court proceedings while appellate review proceeds. *See, e.g.*, *Whole Woman's Health v. Jackson*, 141 S. Ct. 2494, 2495 (2021) (declining to vacate circuit court decision to stay "district court proceedings"); *United States v. Alabama*, 828 F.2d 1532, 1536 & n.4 (11th Cir. 1987) (stay of entire district court case pending appeal); *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 647 (4th Cir. 2020) (stay of entire case pending appeal of motion to dismiss); *Donohue v. Milan*, 942 F.3d 609, 615 (2d Cir. 2019) (stay of entire case pending appeal of summary judgment denial); *Exxon Corp. v. United States*, 655 F.2d 1112, 1118 (Temp. Emer. Ct. App. 1981) (staying entire case pending appeal of preliminary injunction); *Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977) (remanding for district court to enter stay following an

appeal from a preliminary injunction).  Appellees cite no case that says

otherwise.  Indeed, they concede (at 5) that a stay is warranted if "there

is a legitimate reason to halt judicial proceedings."  Here, there is.

## B.    The Dispositive Venue Issue Warranted a Stay of Proceedings

As FDEM explained in its stay motion (at 45), "the district court

lacks venue and further proceedings are improper."  Where a district

court lacks the power to proceed, efficiency and justice commend halting

proceedings until that issue is resolved.  After all, it makes no sense for

the parties to litigate before a court that is ultimately powerless to rule.

And Defendants should not have to bear the burden and prejudice of such

litigation.  That is especially true where, as here, (1) the district court

proceedings have already displayed a pattern of irregularities, FDEM

Stay Mot.11-13; and (2) Appellees raise largely procedural claims but

seek to use broad and invasive discovery to inject themselves into an

ongoing and important law-enforcement operation, *see* Doc. 55-5; Vol. II

86:10, 120:7-8 (repeatedly demanding site visit).  *See also* Vol. IV 243:10-

15 (district judge contemplating site visit and mentioning marshals'

concerns).

This glaring venue problem rightly prompted the panel to stay the proceedings below while this Court resolves the threshold issue of whether the parties should be in the district court below at all. As the panel explained, the district court relied on acts and omissions in the Southern District that "do not appear to 'directly give rise' to the Plaintiffs' NEPA claim." Stay Op.26 n.9 (quoting *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003)); *see* FDEM Stay Mot.19-23. And the lower court erroneously implied that "the location of the Site itself is somehow peripheral to the events giving rise to [Appellees'] claim." Stay Op.27 n.9. Those errors, combined with the district court's "cursory analysis of the merits of the venue issue," "further undermine[d] [the panel's] confidence in the district court's reasoning" and justified staying proceedings until the "merits panel" decides the likelihood of success of the venue defense. Stay Op.23-24, 26-27.

The same analysis applies to Appellees' non-NEPA claims. *See* Mot.4-5. As Plaintiffs have conceded, all their "causes of action logically interconnect and arise out of the same series of events." Doc. 66 at 5. Those events include the construction and operation of the facility and the lack of an environmental-impact statement. Yet none of the acts and

omissions related to the facility occurred in the Southern District, FDEM Stay Mot.14-16; *see, e.g.*, *Friends of Earth v. Haaland*, 2022 WL 185196, at *2-5 (D.D.C. Jan. 20, 2022), as two Southern District judges have held, *C.M. v. Noem*, 2025 WL 2400953, at *20-23 (S.D. Fla. Aug. 18, 2025); *Garcia v. Guthrie*, No. 25-cv-23136 (S.D. Fla. July 16, 2025), Doc. 5 at 1-2.

The same goes for Plaintiffs' putative Environmental Species Act (ESA) claim—which does not appear in the operative pleading.  *See* Mot.6.  Venue is proper under the ESA where "the violation occurs," 16 U.S.C. § 1540(g)(3)(A), but the ESA allegations for which Plaintiffs have provided pre-suit notice are against "Federal Agencies" for failing to consult about the TNT site's impact and for supporting the site's operation.  Doc. 38-1 at 45.  Plaintiffs state these violations "occurred, and continue to occur, *at the TNT Site*," *id.* (emphasis added), which is in "Collier County … in the Middle District of Florida."  *Garcia*, Doc. 5 at 1 (citation omitted); *see also Friends of Earth*, 2022 WL 185196, at *2-5; FDEM Stay Mot.14-16.  Moreover, even if the putative claim against the federal government provides venue in the Southern District (it does not), it would not provide venue for claims against FDEM.  *See* Wright &

8

Miller, 14D Fed. Prac. & Proc. Juris. § 3807 (4th ed.) ("[V]enue must be proper as to each claim and as to each party.").

Last, Appellees wrongly contend (at 6) that a stay is unwarranted because venue is not "jurisdictional." Venue is still a question of judicial power. And a district court "lack[s] authority to grant relief if" "venue [i]s improper." *Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1135 (9th Cir. 2005); *see Flowers Indus., Inc. v. FTC*, 835 F.2d 775, 778 (11th Cir. 1987) (vacating injunction for lack of venue); *Maybelline Co. v. Noxell Corp.*, 813 F.2d 901, 907 (8th Cir. 1987) (reversing grant of injunction because venue was improper); *Am. Chem. Paint Co. v. Dow Chem. Co.*, 161 F.2d 956, 960 (6th Cir. 1947) (same). A stay is therefore necessary to determine whether the district court may even adjudicate Appellees' NEPA claim.[2]

---

[2] A stay is also warranted so that the merits panel may consider whether any district court has subject-matter jurisdiction. As FDEM explained in its stay papers, multiple provisions of the INA remove jurisdiction over injunctions like the one the district court issued. FDEM Stay Mot.32-36. For the same reasons it makes sense to sequence venue first, it also makes sense to sequence jurisdiction first.

### C.    The Equities Favor a Stay of Proceedings

On their fourth attempt, Appellees fail to show they are likely to suffer any harm from a stay.  Appellees' claimed harms fail because they do not "account[] for the Site's former use as an airport in order to establish a reliable baseline to evaluate possible future environmental impacts."  Stay Op.32.  And even if Appellees solved their baseline problem, their harms are exceptionally long-tailed.  Doc. 131 at 70 n.31 ("[T]he harms Plaintiffs fear take time to accrue….").  Plaintiffs have not cited a realistic probability that any harm they allege will accrue during the time it takes this Court to resolve the appeal.

By contrast, FDEM will suffer prejudice if proceedings continue in the lower court while the merits panel considers venue.  The "inconvenience" of litigating in an improper forum plainly "harm[s] … witnesses, parties and other[s]." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 319 (5th Cir. 2008) (en banc).  Indeed, the whole point "of statutory venue" is to "protect[] defendants" from the harm of litigating in a "district having no real relationship to the dispute." *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) (quoting *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)).  Nor can FDEM "adequate[ly]

remedy" those harms on "an appeal," *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663 (7th Cir. 2003), as "the prejudice" of litigating in the wrongf forum "cannot be put back in the bottle," *Volkswagen*, 545 F.3d at 319; *see also In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) ("The usual post-judgment appeal process is not an adequate remedy for an improper failure to transfer.").

Such prejudice is compounded where the proceedings may be infected with other errors that might not be easily remedied in a later appeal. *See* FDEM Stay Mot.11-13. Thus, Plaintiffs are also wrong to suggest (at 7 n.2) that the panel should let the lower court "compile[]" the "factual record" even if the case will eventually be "transfer[red]." "[T]he court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit...." *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970); *see also In re Apple Inc.*, 52 F.4th 1360, 1362-63 (Fed. Cir. 2022) (granting mandamus when lower court ordered merits discovery before ruling on transfer motion); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997) (dispositive threshold issues that would significantly enlarge scope of discovery should be resolved before forcing

11

parties to undergo burdensome discovery). That is especially true here, where Plaintiffs have repeatedly sought far-reaching and disruptive discovery, including site visits to a working detention facility. *E.g.*, Doc. 55-5; Vol. II 86:10, 120:7-8 (repeatedly demanding site visit). Simply put, "district courts [should not make] case-management decisions which would later bind the transferee court if indeed the case were transferred." *Gordon v. Diagnostek, Inc.*, 812 F. Supp. 57, 59 (E.D. Pa. 1993); *see also Matra Et Manurhin v. Int'l Armament Co.*, 628 F. Supp. 1532, 1534 n.1 (S.D.N.Y. 1986) (declining to dismiss under an arbitration clause before transferring a case because "all issues in the action [should] be litigated before the transferee court"). And as the panel's stay decision proves, a different court may see the case differently than the lower court and determine that discovery is unnecessary. The transferee court should have the chance to make that call.

### D.   A Stay of Proceedings Will Facilitate Efficient Litigation on Remand

A stay will also encourage efficient litigation on remand (in a court with venue). This Court has recognized—in a case brought by these Plaintiffs—that the decision to "await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues"

offers a "good … if not an excellent" reason for a stay. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009).[3] That rationale applies with extra force here because the stay is not for related litigation, but for *this* litigation. The merits panel's ultimate disposition will govern Appellees' pending and contemplated claims.

On the NEPA claim, the motions panel recognized that the district court "misinterpreted" the statute and largely ignored the Supreme Court's recent, controlling case on NEPA's scope. *See* Stay Op.10("Inexplicably, other than a passing citation using a 'see also' signal on page 46, the district court's order does not mention the Supreme Court's most recent decision about the statute lying at the heart of this case."); Stay Op.16 (the district court "misread[]" NEPA); Stay Op.16 n.5 (the district court relied on removed regulation to define "major federal action"). Proceeding under that misimpression would enmesh the parties in needless discovery and confused merits proceedings. By contrast,

---

[3] *See also Sarkar v. Garland*, 39 F.4th 611, 618 (9th Cir. 2022); *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979); *Joiner v. NHL Enters., Inc.*, 2024 WL 639422, at *2 (S.D.N.Y. Feb. 15, 2024); *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 527 (S.D.N.Y. 2020).

awaiting a merits decision will streamline litigation around the correct legal standard.

So, too, for the notice-and-comment claim. The APA applies only to federal agencies. *Doe ex rel. Doe Sr. v. Bush*, 261 F.3d 1037, 1055 (11th Cir. 2001); Stay Op.13-14. The APA claim therefore turns on a similar question to the NEPA claim: has a federal agency acted here? Because the merits panel will offer significant insight on that question, it is efficient to delay adjudication until after the panel decision.

The same goes for the National Historic Preservation Act. It applies, as relevant here, when a "Federal agency" has "direct or indirect jurisdiction over a proposed Federal or federally assisted undertaking." 54 U.S.C. § 306108. That is deeply related to the issue the merits panel will consider under NEPA. *See Protect Our Parks, Inc. v. Buttigieg*, 97 F.4th 1077, 1094 (7th Cir. 2024) ("Like NEPA, section 106 [of the National Historic Preservation Act] applies only to federal projects, not to local work….").

Plaintiffs' proposed ESA claim is similar. *See* Doc. 38-1 at 3-4. The ESA requires federal agencies to consult with the Secretary of the Interior to ensure that "any action authorized, funded, or carried out by

14

such agency … is not likely to jeopardize the continued existence of any endangered species or threatened species." 16 U.S.C. § 1536(a)(2). The ESA claim thus largely turns, like the NEPA claim, on whether *this* project is federal. *See, e.g.*, *Proffitt v. Dep't of Interior ex rel. Lujan*, 825 F. Supp. 159, 164 (W.D. Ky. 1993) ("As the Court stated in regard to the NEPA claim, the Court cannot imagine what facts Plaintiff could obtain through discovery which would establish the requisite federal nexus. Since there is no federal agency action, this Court does not have jurisdiction over the Federal Defendants in the ESA claim."). And so, for the same reason that the merits panel's decision will clarify the issues on the NEPA claim, it will also clarify the ESA claim.

The panel decision will also clarify remedies. After all, Appellees ultimately seek an injunction shutting down Florida's detention facility. Doc. 1 at 26; Doc. 84 at 10. To get that injunction, the district court will need to balance the equities. That is the same inquiry the merits panel will undertake. Thus, the merits panel's equitable determination will also aid the parties in resolving this matter on remand. *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025) (explaining that lower courts are bound by determinations of the balance of equities).

Finally, a stay of proceedings will avoid the need to "sever[]" claims on remand, as Plaintiffs advocated against below. Doc. 66 at 4 (opposing severance). If litigation on the non-NEPA claims continues and the merits panel ultimately holds that venue is improper for the NEPA claim, the district court may need to sever Appellees' case on remand. *See, e.g.*, *DeMartini v. DeMartini*, 2017 WL 1548600, at *1-2 (E.D. Cal. May 1, 2017), *report and recommendation adopted,* 2017 WL 2379950 (E.D. Cal. June 1, 2017) (severing claim for which there was no diversity jurisdiction but keeping rest of case, noting significant investment of judicial resources). Yet if proceedings are stayed until the merits panel resolves venue for the NEPA claim, the district court will be able to transfer the entire case to the Middle District, as Judge Ruiz has already done. *See C.M. v. Noem*, 2025 WL 2400953, at *23 (S.D. Fla. Aug. 18, 2025). To quote Plaintiffs, that will "advance[]" the "administration of justice." Doc. 66 at 4 (quoting *Def. Distributed v. Bruck*, 30 F.4th 414, 429 (5th Cir. 2022)).

## CONCLUSION

For these reasons, this Court should deny the motion for reconsideration.

Dated: September 18, 2025

Respectfully submitted,

James Uthmeier
  *Attorney General of Florida*
Jeffrey Paul DeSousa (FBN 110951)
  *Acting Solicitor General*
Nathan A. Forrester (FBN 1045107)
  *Chief Deputy Solicitor General*
Kevin A. Golembiewski (FBN 1002339)
Robert S. Schenck (FBN 1044532)
  *Assistant Solicitor General*
**Office of the Attorney General**
The Capitol, PL-01
Tallahassee, FL 32399
jeffrey.desousa@myfloridalegal.com

s/ *Jesse Panuccio*
Jesse Panuccio (FBN 31401)
Evan Ezray (FBN 1008228)
David Costello (FBN 1004952)
**BOIES SCHILLER FLEXNER LLP**
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, FL 33301
jpanuccio@bsfllp.com

*Counsel for Kevin Guthrie, in his official capacity as Executive Director of the Florida Division of Emergency Management*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 3,253 words.

2. This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

s/ *Jesse Panuccio*
Jesse Panuccio

## CERTIFICATE OF SERVICE

I certify that on September 18, 2025, I electronically filed this document with the Clerk of Court using the Court's CM/ECF system, which will send a notice of docketing activity to all parties who are registered through CM/ECF.

s/ *Jesse Panuccio*
Jesse Panuccio
