Case No. 25-12873

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

FRIENDS OF THE EVERGLADES, INC., *et al.*,
*Plaintiffs-Appellees*,

v.

EXECUTIVE DIRECTOR,
FLORIDA DIVISION OF EMERGENCY MANAGEMENT, *et al.*
*Defendants-Appellants*.

On Appeal from the United States District Court
for the Southern District of Florida
Case No. 1:25-cv-22896-KMW
(Hon. Kathleen M. Williams, Dist. Judge)

## APPELLEES' CONSOLIDATED OPPOSITION TO FEDERAL DEFENDANTS' TIME-SENSITIVE MOTION TO STAY IN LIGHT OF <u>LAPSE OF APPROPRIATIONS</u>

Tania Galloni, FBN 619221
Dominique Burkhardt, FBN 100309
**EARTHJUSTICE**
4500 Biscayne Boulevard, Suite 201
Miami, Florida 33137
Telephone: (305) 440-5434
tgalloni@earthjustice.org
dburkhardt@earthjustice.org

*Counsel for Friends of the Everglades*

Paul J. Schwiep, FBN 823244
Scott A. Hiaasen, FBN 103318
Jeffrey B. Crockett, FBN 347401
**COFFEY BURLINGTON, P.L.**
2601 S. Bayshore Drive, PH-1
Miami, Florida 33133
Telephone: (305) 858-2900
pschwiep@coffeyburlington.com
shiaasen@coffeyburlington.com
jcrockett@coffeyburlington.com
yvb@coffeyburlington.com
service@coffeyburlington.com

*Counsel for Appellees*

Case No. 25-12873

Elise Pautler Bennett, FBN 106573
**CENTER FOR BIOLOGICAL
　DIVERSITY**
Post Office Box 2155
St. Petersburg, Florida  33731
Telephone:  (727) 623-9797
ebennett@biologicaldiversity.org
jtotoiu@biologicaldiversity.org

*Counsel for Center for Biological Diversity*

Case No. 25-12873

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, Appellees, FRIENDS OF THE EVERGLADES, INC., a Florida not-for-profit corporation, and CENTER FOR BIOLOGICAL DIVERSITY, a 501(c)(3) nonprofit organization, hereby state the following individuals and entities have an interest in the outcome of this appeal:

1. Ajizian, Christopher, Esq.

2. Bailey, Andrew, Esq.

3. Bennett, Elise Pautler, Esq.

4. Bird, Brenna, Esq.

5. Boies Schiller Flexner LLP

6. Bonzon-Keenan, Geraldine

7. Brabender, Allen M., Esq.

8. Burkhardt, Dominique, Esq.

9. Carpenter, Hayley A., Esq.

10. Bird, Brenna, Esq.

11. Carr, Christopher M., Esq.

12. Center for Biological Diversity

13. Chris Ajizian P.A.

14. Coe, Alisa, Esq.

C-1 of 6

15. Coffey Burlington P.L.

16. Coleman, Russel, Esq.

17. Commonwealth of Kentucky

18. Costello, David M., Esq.

19. Crockett, Jeffrey B., Esq.

20. Curran, Rachael

21. DeNardi, Betsy, Esq.

22. DeSousa, Jeffrey Paul, Esq.

23. Drummond, Gentner F., Esq.

24. Earthjustice

25. Ezray, Evan M., Esq.

26. Ficarelli, Dante, Esq.

27. Florida Division of Emergency Management

28. Florida Wildlife Federation

29. Forrester, Nathan A., Esq.

30. Friedman, Todd R., Esq.

31. Friends of the Everglades, Inc.

32. Galloni, Tania, Esq.

33. Golembiewski, Kevin A., Esq.

34. Griffin, Tim, Esq.

35. Gustafson, Adam R.F., Esq.

36. Guthrie, Kevin

37. Hiaasen, Scott, Esq.

38. Hilgers, Michael T., Esq.

39. Izaak Walton League of America's Florida Chapter

40. Jackley, Marty, Esq.

41. Kautz, Keith G., Esq.

42. Knudsen, Austin, Esq.

43. Kobach, Kris, Esq.

44. Kula & Associates, P.A.

45. Kula, Elliot B., Esq.

46. Labrador, Raúl, Esq.

47. Lopez, Jaclyn, Esq.

48. Lyons, Todd

49. Marshall, Steve, Esq.

50. Martinez, Hon. Jose E.

51. McCuskey, John B., Esq.

52. Miami-Dade County

53. Miccosukee Tribe of Indians

54. Murray, David M., Esq.

55. Murrill, Liz, Esq.

56. Noem, Kristi

57. O'Byrne, Hayden P., Esq.

58. Panuccio, Jesse Michael, Esq.

59. Paxton, Ken, Esq.

60. People's Economic and Environmental Resiliency Group, Inc.

61. Perez, Monica Rizo, Esq.

62. Piropato, Marissa, Esq.

63. Raurell, Carlos J., Esq.

64. Rokita, Theodore E., Esq.

65. Sierra Club

66. Skrmetti, Jonathan, Esq.

67. State of Alabama

68. State of Alaska

69. State of Arkansas

70. State of Georgia

71. State of Idaho

72. State of Iowa

73. State of Kansas

74. State of Louisiana

75. State of Missouri

76. State of Montana

77. State of Nebraska

78. State of North Dakota

79. State of Ohio

80. State of Oklahoma

81. State of South Carolina

82. State of South Dakota

83. State of Tennessee

84. State of West Virginia

85. State of Wyoming

86. Stetson University, Inc. College of Law's Jacobs Public Interest Law Clinic for Democracy and the Environment

87. Quiñones, Jason A. Reding, Esq.

88. Sanchez, Hon. Eduardo I.

89. Schenck, Robert S., Esq.

90. Schwiep, Paul J., Esq.

91. Singer, Frank

92. Stander, Robert, Esq.

93. Taylor, Treg, Esq.

94. Todd R. Friedman P.A.

95. Torres, Hon. Edwin G.

96. Torstensen, Peter M., Esq.

97. Totoiu, Jason Alexander, Esq.

98. Tropical Audubon Society

99. United States Department of Homeland Security

100. United States Immigration and Customs Enforcement

101. University of Miami School of Law's Environmental Justice Clinic

102. Uthmeier, James, Esq.

103. VoteWater, Inc.

104. Wahl, Christopher J., Esq.

105. Walter, Elaine D., Esq.

106. Williams, Hon. Kathleen M.

107. Wilson, Alan, Esq.

108. Wrigley, Drew H., Esq.

109. Yost, David A., Esq.

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure, there is no parent corporation or publicly held corporation that owns more than 10% of stock of either Appellees.

Case No. 25-12873

      Appellees Friends of the Everglades and Center for Biological Diversity ("Appellees") oppose the stay request because, while it is indeed regrettable that the lapse in appropriations has caused disruption at the Department of Justice, the present case involves an appeal of a preliminary injunction, currently stayed, entered in order to prevent ongoing irreparable harms such that an indefinite stay due to a funding lapse is improper. After considering testimony from nine witnesses for Appellees, the district court made detailed factual findings on imminent irreparable harm as a result of Defendant/Appellants construction of an immigration detention center within the Big Cypress National Preserve, including to wetlands, Miccosukee Tribal members, and endangered species. Doc. 131, at 67-75. While a motions panel of this Court stayed the preliminary injunction, ECF No. 42, it also expedited the appeal, setting oral argument for January 2026. ECF No. 59-2. The harms identified by the district court continue given the stay of the preliminary injunction.

      As preliminary matter, the party moving for a stay has the burden to "make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). In support of the stay request, the Federal Defendants/Appellants cite only 31 U.S.C. § 1342, which provides: "[a]n officer or employee of the United States Government … may not accept voluntary services for either government or employ personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of

1

property. … As used in this section, the term 'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." Courts have denied stay requests bottomed only on Section 1342 "on the ground that labor by government counsel not otherwise 'authorized by law' nevertheless is authorized when counsel is ordered by a federal court to comply with its scheduling deadlines." *United States v. Polselli*, No. 14-11385, 2025 WL 2822463, at *1–2 (E.D. Mich. Oct. 3, 2025). *See also People for the Ethical Treatment of Animals v. USDA*, 912 F.3d 641 (D.C. Cir. 2019) (Katsas, J, concurring) ("[W]ithout any current appropriation to fund DOJ activities, any 'personal services' employed to defend the appeal would seem to be not 'authorized by law.' The counter-argument must be that activity not otherwise 'authorized by law' becomes so when this Court orders it.") (denying motion to stay briefing deadlines due to lapse in government appropriations); *Air Transp. Ass'n of Am., Inc. v. FAA*, 912 F.3d 642 (D.C. Cir. 2019) (same); *Kornitsky Grp., LLC v. Elwell*, 912 F.3d 637, 638-39 (D.C. Cir. 2019) (Srinvasan, J., concurring in denial of stay motion, and noting that "[e]very one of" the government's motions to stay oral argument during the 2013 shutdown "was denied"); *Lehman v. United States Dep't of Labor*, No. 25- 11846, 2025 WL 2808472, at *1 (E.D. Mich. Oct. 2, 2025) ("labor by government counsel not otherwise 'authorized by law' nevertheless is authorized

2

when counsel is ordered by a federal court to comply with its scheduling deadlines."); *see also Klamath-Siskiyou Wildlands Ctr. v. Grantham*, No. 218CV02785TLNDMC, 2019 WL 7374626, at *1 (E.D. Cal. Jan. 4, 2019) (denying stay where there was an expedited briefing schedule to avoid environmental harm and the court "cannot predict when appropriations will be restored"); *Nevada v. United States*, 2019 U.S. Dist. LEXIS 234506, at *3-4 (D. Nev. Jan. 2, 2019) (denying a stay " in light of the alleged irreparable harm").

In *Polselli,* the district court, in denying the stay request, cited the Department of Justice's "contingency plan" for the current shutdown which states that litigators should "approach the courts and request that active cases ... be postponed until funding is available." U.S. Dep't of Just., FY 2026 Contingency Plan (Sept. 29, 2025), https://www.justice.gov/jmd/page/file/1015676/download (last visited October 2, 2025), however, "[i]f a court denies such a request and orders a case to continue, the Government will comply with the court's order, ***which would constitute express legal authorization for the activity to continue***." *Id.* (emphasis added); *see also S.A. v. Trump*, 2019 U.S. Dist. LEXIS 5742, at *3 (N.D. Cal. Jan. 11, 2019) (denying motion to stay due to lapse of appropriations act funding, noting that the court's order "constitutes express legal authorization for the government to continue litigating this case under the Antideficiency Act."). Notably, DOJ's Fiscal Year 2026 Contingency Plan also states that the vast majority of DOJ's employees—

3

eighty-nine percent—are exempt from furloughs, seriously undermining any claim that the government in fact faces the requisite hardship to justify a stay. 2025 DOJ Contingency Plan, at 2.

Furthermore, the balance of harms favors denying an indefinite stay in this case, which would cause Plaintiffs ongoing and irreversible harm where the federal action being challenged—the construction and operation of an immigration detention center in the Everglades that imperils sensitive wetlands, endangered Species, and communities in the area, ECF 35 at 41–50—would continue during the indefinite stay period. Construction and operation of the facility is ongoing, with new paving occurring since the preliminary injunction was stayed. *See* Richard Luscombe, Alligator Alcatraz Snaps Back to Life After Judges' Reprieve of Florida's Migrant Jail, The Guardian, *https://www.theguardian.com/us-news/2025/oct/07/trump-alligator-alcatraz-florida* (Oct. 7, 2025). After this Court stayed the district court injunction that would have prevented this irreparable harm from continuing, Plaintiffs sought and obtained an expedited briefing schedule on the interlocutory appeal to attempt to limit the harm, ECF 45, 59-2.

Finally, allowing this case to move forward would promote judicial economy. Courts generally disfavor indefinite stays. *See Trujillo v. Conover & Co. Communs., In*c., 221 F.3d 1262, 1265 (11th Cir. 2000) (finding a district court's stay was indefinite and vacating it for being "'immoderate' and, therefore, an abuse of

discretion"); *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature.") (citing *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000) (requiring a strong showing to justify an indefinite stay)). Plaintiffs requested expedited briefing in this case due to the time-sensitive nature of the challenged activity and the irreversible harms to the environment, which the Court granted in part. ECF 45, 59. A stay of deadlines in this case for an indefinite period would undermine the judicial economy benefits of expedited briefing and cause undue prejudice to Plaintiffs from ongoing construction and resulting harm to the environment and protected species. *See Native Songbird Care & Conservation v. Foxx*, 2013 U.S. Dist. LEXIS 147828, at *3 n.3 (N.D. Cal. Oct. 11, 2013) ("Given the fact that time is of the essence in this case, and the fact that an indefinite stay could potentially prejudice Plaintiffs, the Court will not stay this case because of the lapse of appropriations.").

In short, the sole basis for the stay request here is the lapse in funding. In this case, after a four-day evidentiary hearing, the district court entered a preliminary injunction to forestall irreparable environmental harm from an immigration detention center built in the heart of the Everglades. The appeal has been expedited. Under such circumstances an indeterminate stay based only on Section 1342 should be denied. *See, e.g., Roman Cath. Archbishop of Washington v. Sebelius*, No. CV 13-1441(ABJ), 2013 WL 5570185, at *1 (D.D.C. Oct. 3, 2013) (holding that a stay

5

due to a shutdown was "not compatible with the fair administration of justice" where pending preliminary injunction motion alleged irreparable harm and involved imminent implementation of a federal regulation); *District of Columbia v. Trump*, Case No. 1:25-cv-03005-JMC, Order Denying Motion to Stay, (D.D.C. Oct. 2, 2025) (denying motion to stay for lapse of appropriations in light of plaintiff's citation of "ongoing irreparable harm").

Accordingly, to avoid ongoing harm to Plaintiffs and promote judicial economy, Plaintiffs respectfully request that this Court deny Defendants' Motion to Stay.

Date:  October 10,  2025

Respectfully submitted,

| | |
|---|---|
| EARTHJUSTICE<br>4500 Biscayne Boulevard, Suite 201<br>Miami, Florida  33137<br>Telephone:  (305) 440-5432<br><br>By:     s/   Tania Galloni<br>    Tania Galloni, Fla. Bar No. 619221<br>    tgalloni@earthjustice.org<br>    Dominique Burkhardt, Fla. Bar No. 100309<br>    dburkhardt@earthjustice.org<br><br>*Counsel for Appellee Friends of the Everglades* | COFFEY BURLINGTON, P.L.<br>2601 South Bayshore Drive<br>Penthouse One<br>Miami, Florida  33133<br>Telephone:  (305) 858-2900<br><br>By:     s/   Paul J. Schwiep<br>    Paul J. Schwiep, Fla. Bar No. 823244<br>    PSchwiep@CoffeyBurlington.com<br>    Scott Hiaasen, Fla. Bar No. 103318<br>    SHiaasen@CoffeyBurlington.com<br>    YVB@CoffeyBurlington.com<br>    LPerez@CoffeyBurlington.com<br>    service@CoffeyBurlington.com<br><br>*Counsel for Plaintiffs-Appellees* |

CENTER FOR BIOLOGICAL
DIVERSITY
Elise Pautler Bennett, Fla. Bar No.
106573
ebennett@biologicaldiversity.org
Jason Alexander Totoiu, Fla. Bar No.
871931
jtotoiu@biologicaldiversity.org
Post Office Box 2155
St. Petersburg, FL 33731
Telephone: (727) 755-6950

*Counsel for Appellee Center for
Biological Diversity*

Case No. 25-12873

# **CERTIFICATE OF COMPLIANCE**

1. This response complies with the permitted type-volume limit because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 2,337 words.

2. This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Paul J. Schwiep*
Paul J. Schwiep

Case No. 25-12873

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of docketing activity to all parties who are registered through CM/ECF.

*/s/ Paul J. Schwiep*
Paul J. Schwiep
