**No. 25-12873**

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FRIENDS OF THE EVERGLADES and CENTER FOR BIOLOGICAL DIVERSITY,
*Plaintiffs/Appellants*,

v.

KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,
*Defendants/Appellees*.

Appeal from the United States District Court for the Southern District of Florida
No. 1:25-cv-22896 (Hon. Katherine M. Williams)

**REPLY IN SUPPORT OF NOTICE TO THE COURT**

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

ROBERT STANDER
*Deputy Assistant Attorney General*

ALLEN M. BRABENDER
*Attorney*
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7415
Washington, DC 20044
(202) 532-3281
allen.brabender@usdoj.gov

## CERTIFICATE OF INTERESTED PERSONS

Undersigned counsel hereby certifies that the following is a complete list of all the known trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the case:

1. Ajizian, Christopher
2. Bailey, Andrew
3. Barta, James A.
4. Bennett, Elise Pautler
5. Bird, Brenna
6. Boies Schiller Flexner LLP
7. Bonzon-Keenan, Geraldine
8. Brabender, Allen M.
9. Burkhardt, Dominique
10. Carpenter, Hayley A.
11. Carr, Christopher M.
12. Center for Biological Diversity
13. Coe, Alisa
14. Coffey Burlington, P.L.
15. Coleman, Russel
16. Commonwealth of Kentucky
17. Costello, David

18. Crockett, Jeffrey B.

19. Curran, Rachel

20. DeNardi, Betsy

21. DeSousa, Jeffrey Paul

22. Drummond, Gentner F.

23. Earthjustice

24. Ezray, Evan

25. Ficarelli, Dante

26. Florida Department of Emergency Management

27. Florida Wildlife Federation

28. Forrester, Nathan A.

29. Friedman, Todd

30. Friends of the Everglades, Inc.

31. Galloni, Tania

32. Golembiewski, Kevin A.

33. Griffin, Tim

34. Gustafson, Adam R.F.

35. Guthrie, Kevin

36. Hiaasen, Scott

37. Hilgers, Michael T.

38. Issac Walton League of America Florida Chapter

39. Jackley, Marty

40. Kautz, Keith G.

41. Knudsen, Austin

42. Kula, Elliot Burt

43. Labrador, Raul

44. Lyons, Todd

45. Marshall, Steve

46. Martinez, Hon. Jose E.

47. McCuskey, John B.

48. Miami-Dade County

49. Miccosukee Tribe of Indians

50. Muehlhoff, Jason

51. Murray, David M.

52. Murrill, Liz

53. Noem, Kristi

54. O'Byrne, Hayden P.

55. Panuccio, Jesse

56. Paxton, Ken

57. People's Economic and Environmental Resiliency Group, Inc.

58. Perez, Monica Rizo

59. Piropato, Marissa

60. Raurell, Carlos J.

61. Rizo, Monica

62. Rokita, Theodore E.

63. Quiñones, Jason A. Reding

64. Sanchez, Hon. Eduardo I.

65. Schenck, Robert S.

66. Schwiep, Paul J.

67. Sharpless, Rebecca A.

68. Sierra Club

69. Singer, Frank

70. Skrmetti, Jonathan

71. Stander, Robert

72. State of Alabama

73. State of Alaska

74. State of Arkansas

75. State of Georgia

76. State of Idaho

77. State of Indiana

78. State of Iowa

79. State of Kansas

80. State of Louisiana

81. State of Missouri

82. State of Montana

83. State of Nebraska

84. State of North Dakota

85. State of Ohio

86. State of Oklahoma

87. State of South Carolina

88. State of South Dakota

89. State of Tennessee

90. State of Texas

91. State of West Virginia

92. State of Wyoming

93. Stetson University College of Law's Jacobs Public Interest Clinic

94. Taylor, Treg

95. Todd R. Friedman P.A.

96. Torres, Hon. Edwin G.

97. Torstensen, Peter M.

98. Totoiu, Jason Alexander

99. Tropical Audubon Society

100. United States Department of Homeland Security

101. United States Immigration and Custom Enforcement

102. University of Miami School of Law's Environmental Justice Clinic

103. Uthmeier, James

104. VoteWater, Inc.

105. Wahl, Christopher J.

106. Walter, Elaine Dawn

107. Wilson, Alan

108. Williams, Hon. Kathleen M.

109. Wrigley, Drew H.

110. Yost, David A.

No publicly traded company or corporation has an interest in the outcome of this case or appeal.

/s/ Allen M. Brabender
ALLEN M. BRABENDER

On November 14, 2025, the federal defendants provided notice that the President had signed into law a bill providing funding for the Department of Justice and other federal agencies. Doc. 72. To restart appellate proceedings, the federal defendants proposed the following briefing schedule:

- **Appellants' Opening Briefs:** Fourteen days after the Court's briefing order.

- **Appellees' Answer Briefs:** Fourteen days after the filing of Appellants' Opening Briefs.

- **Appellants' Reply Briefs:** Fourteen days after the filing of Appellees' Answer Briefs, or January 12, 2026, whichever is later.

*Id.* This schedule was proposed in part to avoid conflicts with the undersigned lead counsel's long-ago scheduled annual leave, which includes leave the final two weeks of the year (December 22-January 2). *Id.*

Plaintiffs have consented to the proposed due dates for the opening and answer briefs but request a due date for the reply of no later than January 5, 2025. Doc. 73. Such a date, however, would require counsel to cancel his long-ago planned annual leave to draft the reply. This Court therefore should not accept Plaintiffs' proposed alternate date.

Plaintiffs' assertions of irreparable harm ring hollow. As previously explained in the state and federal government's motions to stay the preliminary injunction pending

1

appeal (Doc. 9 at 39-41; Doc. 20 at 15-17), the district court never found that Plaintiffs were likely to suffer imminent or concrete irreparable harm. Instead, the district court found that a putative NEPA violation relieved Plaintiffs of their burden to prove the probability, quantity, and imminence of their irreparable harm. Doc. 20 at App.177 ("Plaintiffs are not required to prove harms of a particular probability or quantity") & Doc. 20 at App.178 n.31 ("the harms Plaintiffs fear take time to accrue; and time and access for study is precisely what NEPA procedures are meant to afford"). There is a reason the district court improperly lowered the threshold. Plaintiffs' and Intervenor's witnesses and evidence presented to the district court utterly failed to satisfy their mandatory burden of proving likely irreparable harm.

In the absence of a showing from Plaintiffs of real-world irreparable harm, when this Court granted the motion to expedite, the Court granted the motion only in part, fully adopting the state and federal defendant's proposed schedule over the schedule proposed by the Plaintiffs. Docs. 56, 59. This Court also granted the motion to stay the appeal due to the lapse in appropriations (Doc. 70), despite Plaintiffs' similar assertions of unproven harm (Doc. 68). Accordingly, no court has ever accepted Plaintiffs' assertions of actual, concrete, imminent irreparable harm. Such unproven harms do not justify their proposed alternate date for the reply, requiring counsel to cancel long-ago scheduled leave, particularly when this Court already removed the case from the tentative calendar for January. Doc. 71.

2

       Respectfully submitted,

       /s/ *Allen M. Brabender*
       ADAM R.F. GUSTAFSON
       *Principal Deputy Assistant Attorney General*

       ROBERT STANDER
       *Deputy Assistant Attorney General*

       ALLEN M. BRABENDER
       *Attorney*
       U.S. Department of Justice
       Environment and Natural Resources Division
       Post Office Box 7415
       Washington, D.C. 20044
       (202) 532-3281
       allen.brabender@usdoj.gov

November 18, 2025
DJ # 90-1-4-17960

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing notice complies with the type-volume limitation provided by Fed. R. App. P. 27(d). This notice contains 454 words, as recorded by the word count of the Microsoft Word processing system used to prepare the filing.

/s/ Allen M. Brabender