No. 25-12873

# In the United States Court of Appeals for the Eleventh Circuit

FRIENDS OF THE EVERGLADES, INC., ET AL.,
*Plaintiffs-Appellees,*

V.

EXECUTIVE DIRECTOR, FLORIDA DIVISION OF
EMERGENCY MANAGEMENT, ET AL.,
*Defendant-Appellant.*

On Appeal from the United States District Court
for the Southern District of Florida
No. 25-cv-22896-KMW

## FDEM'S RESPONSE TO PLAINTIFFS' MOTION TO RECONSIDER ALLOCATION OF COSTS

James Uthmeier
  *Attorney General of Florida*
David Dewhirst
  *Solicitor General*
Nathan A. Forrester
  *Chief Deputy Solicitor General*
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399
david.dewhirst@myfloridalegal.com

May 15, 2026

Jesse Panuccio
Evan Ezray
David Costello
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, FL  33301
jpanuccio@bsfllp.com

*Counsel for Kevin Guthrie, in his official capacity as Executive Director of the Florida Division of Emergency Management*

## FDEM'S RESPONSE TO PLAINTIFFS' MOTION TO RECONSIDER ALLOCATION OF COSTS

The district court entered a sweeping preliminary injunction barring additional detention or construction at the TNT facility and requiring its closure within sixty days.  This Court vacated that injunction, explaining that "the district court abused its discretion," and that the "injunction also violate[d] a statutory bar on enjoining immigration enforcement."  *Friends of the Everglades, Inc. v. Sec'y of United States Dep't of Homeland Sec.*, 2026 WL 1077624, at *2 (11th Cir. Apr. 21, 2026).  Consistent with that complete reversal, the Court taxed appellate costs against Plaintiffs and the Tribe.  ECF No. 139-2 at 1.

Plaintiffs (but not the Tribe) now ask the Court to revisit its ruling and order that "the parties each bear their own costs."  ECF No. 142 at 1.  Plaintiffs advance two arguments: (1) they say costs should not be allocated because the judgment was vacated, not reversed; and (2) they insist that even if the decision were a reversal, this appeal involved "mixed results."  *Id.* at 1–2.  Neither argument justifies reconsideration.

**1.** Though Federal Rule of Appellate Procedure 39(a) sets default allocations, it permits departure from them if "the court orders otherwise."  Fed. R. App. P. 39(a); *see also id.*, advisory committee's

1

explanatory note (court "may allocate [costs] differently based on the equities of the situation"). Here, the Court ordered otherwise. So whatever Plaintiffs say about the default allocation is irrelevant: the Court taxed costs. *See Matao Yokeno v. Sawako Sekiguchi*, 754 F.3d 649, 657 n.9 (9th Cir. 2014).

But Plaintiffs are also wrong about the default allocation. What matters is "substance," "not form": costs should be taxed "when there is a clear prevailing party on appeal, regardless of the exact decretal language." *City of San Antonio v. Hotels.com, L.P.*, 959 F.3d 159, 164–65 (5th Cir. 2020). And on that front, the result could not be clearer. FDEM was vindicated on the merits, and the injunction was eliminated. As the "clear prevailing party on appeal," FDEM is entitled to costs. *Id.*; *see also Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1216 (9th Cir. 1984) ("The order granting the preliminary injunction is reversed. Appellants shall have their costs on appeal.").

**2.** That leaves Plaintiffs to fight the facts. They say this was a "mixed result." Hardly. Yet the injunction order that Plaintiffs

previously hailed as "histor[ic]" and a "major win"[1] was wiped out in its entirety. *See Friends of the Everglades,* 2026 WL 1077624, at \*7. It is vacated and no longer exists—none of its factual or legal conclusions still govern. That is a complete victory for FDEM and a complete loss for Plaintiffs. Plaintiffs' own public statements following this Court's decision confirm as much. Their "hearts [were] heavy"[2] due to the "wrong"[3] and "disappointing decision" and its attendant "stain … on the rule of law."[4]

Moreover, Plaintiffs' claim rests on the theory that they prevailed on the venue issue. But they obtained no such result. This Court held that the district court's waiver conclusion on venue was "erroneous[]." *See Friends of the Everglades,* 2026 WL 1077624, at \*6. And it vacated the merits of the venue decision and held the district court must

---

[1] Press Release, *We Just Won in Court. Here's What Comes Next.*, Friends of the Everglades (Aug. 23, 2025), https://perma.cc/Q5YS-YCJU.

[2] J. Kyle Foster, *Court: Alligator Alcatraz Can Stay Open Without Environmental Review*, Naples Daily News (Apr. 22, 2026), https://perma.cc/4R3K-R7M6.

[3] *Id.*

[4] Press Release, *Fight Continues Against Everglades Immigration Facility Despite Temporary Legal Setback*, Center for Biological Diversity (Apr. 21, 2026), https://perma.cc/DWB3-TTPU.

reconsider the issue after compiling a "more capacious record." *Id.* There is no victory for Plaintiffs in those holdings.

When parties lose on appeal, they often have to pay the costs of the other side. Plaintiffs here are not exempt from the normal rules of litigation merely because they are angry about the loss. The Court should not reconsider or alter its conclusion that costs are taxable.

## CONCLUSION

For these reasons, FDEM respectfully requests that the Court deny Plaintiffs' motion.

Dated: May 15, 2026

James Uthmeier
  *Attorney General of Florida*
David Dewhirst
  *Solicitor General*
Nathan A. Forrester (FBN 1045107)
  *Chief Deputy Solicitor General*
**Office of the Attorney General**
The Capitol, PL-01
Tallahassee, FL 32399
david.dewhirst
@myfloridalegal.com

Respectfully submitted,

s/ *Jesse Panuccio*
Jesse Panuccio (FBN 31401)
Evan Ezray (FBN 1008228)
David Costello (FBN 1004952)
**BOIES SCHILLER FLEXNER LLP**
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, FL 33301
jpanuccio@bsfllp.com

*Counsel for Kevin Guthrie, in his official capacity as Executive Director of the Florida Division of Emergency Management*

4

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 672 words.

2. This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

s/ *Jesse Panuccio*
Jesse Panuccio

## CERTIFICATE OF SERVICE

I certify that on May 15, 2026, I electronically filed this document with the Clerk of Court using the Court's CM/ECF system, which will send a notice of docketing activity to all parties who are registered through CM/ECF.

s/ <i>Jesse Panuccio</i><br>
Jesse Panuccio