Case No. 25-12873

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

FRIENDS OF THE EVERGLADES, INC., et al.,
*Plaintiffs-Appellees*,

v.

EXECUTIVE DIRECTOR,
FLORIDA DIVISION OF EMERGENCY MANAGEMENT,
*Defendant-Appellant*.

On Appeal from the United States District Court
for the Southern District of Florida
Case No. 1:25-cv-22896-KMW
(Hon. Kathleen M. Williams, Dist. Judge)

## APPELLEES' REPLY IN SUPPORT OF
## MOTION TO RECONSIDER ALLOCATION OF COSTS

Tania Galloni, FBN 619221
Dominique Burkhardt, FBN 100309
**EARTHJUSTICE**
4500 Biscayne Boulevard, Suite 201
Miami, Florida  33137
Telephone:  (305) 440-5434
tgalloni@earthjustice.org
dburkhardt@earthjustice.org

*Counsel for Friends of the Everglades*

Paul J. Schwiep, FBN 823244
Scott A. Hiaasen, FBN 103318
Jeffrey B. Crockett, FBN 347401
**COFFEY BURLINGTON, P.L.**
2601 S. Bayshore Drive, PH-1
Miami, Florida  33133
Telephone:  (305) 858-2900
pschwiep@coffeyburlington.com
shiaasen@coffeyburlington.com
jcrockett@coffeyburlington.com
yvb@coffeyburlington.com
service@coffeyburlington.com

*Counsel for Appellees*

Case No. 25-12873

Elise Pautler Bennett, FBN 106573
Jason Alexander Totoiu, FBN 871931
**CENTER FOR BIOLOGICAL
    DIVERSITY**
Post Office Box 2155
St. Petersburg, Florida  33731
Telephone:  (727) 623-9797
ebennett@biologicaldiversity.org
jtotoiu@biologicaldiversity.org

*Counsel for Center for Biological
Diversity*

Case No. 25-12873

## APPELLEES' REPLY IN SUPPORT OF
## MOTION TO RECONSIDER ALLOCATION OF COSTS

It remains undisputed that Appellant Florida Department of Emergency Management ("FDEM") did not obtain all the relief the agency sought in this appeal. *See* ECF No. 143. Specifically, although Appellants secured vacatur of the preliminary injunction, they did not obtain the dismissal or entry of judgment on the claim on which the preliminary injunction was based or an order on remand directing transfer of the case to the Middle District of Florida, additional relief they sought on appeal. *See* ECF No. 142 at 2–3. Given the plain meaning of Federal Rule of Appellate Procedure 39 and this mixed result, the parties should bear their own costs. *Id.*

FDEM's characterization of the Court's ruling on the preliminary injunction as a "complete reversal," ECF No. 143 at 2, sidesteps the pertinent issue entirely. The issue for purposes of costs is not the extent to which the preliminary injunction was reversed, but rather whether FDEM obtained *all the relief* it sought. FDEM's reliance on *Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1216 (9th Cir. 1984), ECF No. 143 at 3, where appellants sought only reversal of the preliminary injunction, is therefore misplaced.

FDEM argues that Rule 39's default allocation should not apply because the Court has the authority to "order otherwise" based on "the equities of the situation." ECF No. 143 at 1–2. But the Court's memorandum did not articulate a basis to depart

1

Case No. 25-12873

from the default allocation and FDEM offers no reason that it should. *See, e.g., Lite-Netics, LLC v. Nu Tsai Cap. LLC*, 60 F.4th 1335, 1349 (Fed. Cir. 2023) (vacating preliminary injunction and ordering parties to bear own costs). If anything, the equities also weigh in favor of the parties bearing their own costs. For example, FDEM did not bear the entire cost for the appendix required to resolve the issues on appeal because Appellees were required to file a supplemental appendix nearly twice as long at their own expense. *Compare* ECF No. 83 *with* 92.

FDEM's reliance on *Matao Yokeno v. Sawako Sekiguchi*, 754 F.3d 649 (9th Cir. 2014), is misplaced. In that case, the plaintiff appealed a district court judgment entered against him on the merits, but on appeal argued that the judgment should be vacated for lack of jurisdiction with instructions to remand the matter to the Superior Court of Guam. *Matao Yokeno*, 754 F.3d at 651. The court of appeals granted the requested relief in its entirety and on that basis awarded him costs. *Id.* at 657 n.9. Here, it is beyond dispute that FDEM sought relief on appeal beyond reversal of the preliminary injunction and that additional relief was not granted.

Case No. 25-12873

FDEM's mischaracterizations of the Court's decision[1] and Appellants' purported reaction to it,[2] ECF No. 143 at 2–3, do not alter this basic fact. Nor does the fact that the Court gave FDEM another bite at the venue apple, *id.* at 3–4. The fact remains that FDEM sought final judgment on the merits of the claim on which the preliminary injunction was based and transfer of the case to the Middle District of Florida, neither of which the Court's opinion granted.

Therefore, in light of Rule 39's plain language, the equities, and this mixed result, Appellants respectfully request that the Court order the parties to bear their own costs.

---

[1] The Court invalidated the preliminary injunction on the basis that Appellants had not shown sufficient federal control to trigger the requirements of the National Environmental Policy Act. The Court stated that even if Appellants had met that burden, the Court would have vacated "a portion of the injunction" for violating a statutory bar related to immigration enforcement. ECF No. 139-1 at 17–18.

[2] The press release FDEM cites states that Appellants consider *Alligator Alcatraz*, which is subject to legal challenges beyond those at issue in this appeal, to constitute "a stain on the Everglades, on the rule of law, and on our collective conscience," *see* https://perma.cc/DWB3-TTPU, *not* this Court's decision, as Florida disingenuously alleges, *see* ECF No. 143 at 3.

Case No. 25-12873

Respectfully submitted,

EARTHJUSTICE
4500 Biscayne Boulevard, Suite 201
Miami, Florida  33137
Telephone:  (305) 440-5432

By:_____s/___Tania Galloni_____
    Tania Galloni, Fla. Bar No. 619221
    tgalloni@earthjustice.org
    Dominique Burkhardt, Fla. Bar No.
    100309
    dburkhardt@earthjustice.org

*Counsel for Appellee Friends of the
Everglades*

COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive
Penthouse One
Miami, Florida  33133
Telephone:  (305) 858-2900

By:_____s/___Paul J. Schwiep_____
    Paul J. Schwiep, Fla. Bar No.
    823244
    PSchwiep@CoffeyBurlington.com
    Scott Hiaasen, Fla. Bar No. 103318
    SHiaasen@CoffeyBurlington.com
    Jeffrey B. Crockett, Fla. Bar No.
    347401
    YVB@CoffeyBurlington.com
    LPerez@CoffeyBurlington.com
    service@CoffeyBurlington.com

*Counsel for Plaintiffs-Appellees*

4

Case No. 25-12873

CENTER FOR BIOLOGICAL
DIVERSITY
Elise Pautler Bennett, Fla. Bar No.
106573
ebennett@biologicaldiversity.org
Jason Alexander Totoiu, Fla. Bar No.
871931
jtotoiu@biologicaldiversity.org
Post Office Box 2155
St. Petersburg, FL 33731
Telephone:  (727) 755-6950

*Counsel for Appellee Center for
Biological Diversity*

Case No. 25-12873

## CERTIFICATE OF COMPLIANCE

1.　　This document complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 672 words.

2.　　This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Paul J. Schwiep*
Paul J. Schwiep

6

Case No. 25-12873

## CERTIFICATE OF SERVICE

I hereby certify that on  May 22, 2026, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of docketing activity to all parties who are registered through CM/ECF.

/s/ Paul J. Schwiep
Paul J. Schwiep